BOTTS et al. VS BRIDGES, Judge, &c.

*As to demurrers to several assignments.*
*As to profert of a bond : and prayer of oyer.*
*As to the bond of a keeper of a ferry.*

1. The principle which gives a right of demurrer to each of several counts, authorises also a demurrer to each of several assignments of breaches upon a bond.
2. Omission to make profert of a bond, can only be reached by special demurrer.
3. Under the rules of practice in this State, the right of a defendant to crave oyer, subsists, whether profert be made or not.
4. It is no objection to the condition of the bond of a ferry-owner, (given under the statute,) that he is required *to keep good and sufficient boats*, instead of *a good and sufficient boat or boats* —the legal effect of the condition being the same.
5. That the keeper of a public ferry is required by the condition of his bond, (in addition to the statutory recitals,) *to do and perform generally all matters and things required by the laws of the State, in such cases made and provided, to be done and performed, by the keepers of public ferries, for and during the time he may keep his ferry,*—does not enlarge the legal effect of the statutory condition, or increase the duties of the ferry-owner beyond his liability under the statute.
6. That a ferry-owner, by his negligence, and that of his servants, in keeping and managing the ferry, caused a loss of property in its conveyance across the stream, is, it seems, a proper assignment of breach of that part of the condition of his bond, as taken under the statute, which requires the ferry to be well attended.
7. In an action of debt against the keeper of a ferry, upon his bond, judgment for damages only is good.

In error to the Circuit Court of Wilcox.
This case was an action of debt, by Bridges, Judge

of the County Court of Wilcox, for the use of Rodgers, upon the bond of Botts, and another, given by Botts, as the keeper of a ferry.

The declaration complained,—" For that, theretofore, the said defendants, on the fourth day of February, A. D. one thousand eight hundred and thirty-three, in the County aforesaid, by their certain writing obligatory, sealed with their seals, (which writing obligatory is, as directed by law, on file and on record, in the office of the clerk of the County Court of said County, and so cannot be shewn to the Court by the plaintiff,) acknowledged themselves held and firmly bound unto the said John W. Bridges, Judge of the County Court aforesaid, and his successors in office, in the sum of one thousand dollars, to be paid to the said John W. Bridges, Judge, &c. as aforesaid, when they, the defendants, should be thereunto afterwards requested, which said writing obligatory, was, and is subject to a certain condition thereunder written, to the effect following, to-wit— that the said George W. Botts had obtained a license to keep a public ferry on the Alabama river, at the place commonly known as Gregg's Landing, on said river; and that if said Botts in so doing, (to-wit, in keeping said ferry,) should constantly provide and keep good and sufficient boats; also, should keep the banks on each side of the river in good repair, and faithfully and constantly attend said ferry, for the passage of travellers, carriages, horses, &c. over the same, and do and perform generally, all matters and things required by the laws of this State, in such cases made and provided, to be done and performed, by the keepers of public ferries, for and during the time

he may keep the same,—then the above obligation to be null and void, otherwise to be and remain in full force and effect. Yet the said Botts hath not from the time of the making of said writing obligatory, and while he was still the keeper of said ferry, to-wit, on the —— day of February, eighteen hundred and thirty-five, in the county aforesaid, kept the banks on each side of the river, in good repair; and in consequence of the negligence of said Botts, and his servants, in not keeping said banks in good repair, the wagon and two horses of said Wiley Rogers, (for whose use this action is brought,) of the value of four hundred dollars, in crossing said ferry, were wholly lost; and this by the negligence of himself and his servants, to-wit, on the twentieth day of February, Anno Domini one thousand eight hundred and thirty-five, in the county aforesaid.

And for assigning a further breach of the said condition of the said writing obligatory, the said plaintiff, according to the form of the statute, in such case made and provided, saith—that the said Botts, after the making of the said writing obligatory, and during the time he was the keeper of said ferry, to-wit, on the —— day of February, Anno Domini eighteen hundred and thirty-five, did not perform all matters and things required by the laws of this State, in such cases provided, to be performed by the keepers of public ferries; but on the contrary, by and through the negligence of the said Botts, and his servants, in the management of said ferry, a certain other wagon and two other horses of the said Rogers, of the value of four hundred dollars, in crossing at said ferry, were wholly lost to the said Rogers, to-wit, on the first day

of March, Anno Domini eighteen hundred and thirty-five, in the county aforesaid.

And for assigning a further breach of the said condition of the said writing obligatory, the said plaintiff, according to the form of the statute, in such case made and provided, further says, that after the making of the said writing obligatory, and during the time that said Botts was keeper of said ferry, to-wit, on the second day of March, Anno Domini eighteen hundred and thirty-five, in the county aforesaid, the said Botts and his servants, so negligently behaved in the keeping and management of said ferry, that in putting across the said ferry, a certain other wagon and other horses of the said Rogers, the said last mentioned wagon, and two horses of the value in whole of four hundred dollars, were by the negligence of said Botts and his servants, wholly lost, to-wit, on the second day of March, Anno Domini eighteen hundred and thirty-five, in the county aforesaid.

Yet the said plaintiff (in fact saith, that the said Botts hath not, though often requested,) as yet paid or made good unto the said Rogers, any compensation for the said several losses by said several negligences as aforesaid, but hath hitherto wholly neglected and refused so to do, to-wit, in the county aforesaid, to the damage of the said Rogers, in the whole, of one thousand dollars, whereby an action hath accrued to the said plaintiff, to demand and have, of and from the said defendant, the said sum of one thousand dollars, the penalty of said writing obligatory, above demanded."

The defendants demurred generally, and to each breach assigned; and the same being overruled, they

plead performance: upon which a jury rendered a verdict for damages against defendants. Upon which they took a writ of error.

It was assigned in this Court—

First—that the demurrer should have been sustained.

Second—that the judgment found damages only without the debt.

Third—that there was no sufficient cause of action.

HOPKINS, C. J.—The action in this case is debt upon a penal bond, made by the plaintiffs in error, to Bridges, the Judge of the County Court of Wilcox county, to enable George W. Botts, one of the obligors, to obtain a license to keep a public ferry on the Alabama river. The suit is in the name of the judge, to whom the bond was made, for the use of Wiley Rogers. In the declaration the condition of the bond is set out, and three breaches of it are assigned. The declaration also contains an averment of matter, intended as an excuse for the omission of profert of the bond. The plaintiffs in error demurred to the declaration, and separately to each assignment of the breaches.

The right to demur to each of several counts, is clear; and the principle upon which it is founded, authorises a demurrer to each of the assignments. The demurrers were overruled by the Court below; and upon a plea which was afterwards filed, there were a verdict and judgment against the obligors.

The first question presented by the assignment of errors here, is, whether the omission of profert, is a defect, for which, the judgment of the Court upon

BOTTS et al. *vs* BRIDGES, Judge, &c.

the demurrer, ought to have been in favor of the plaintiffs in error? Upon the construction of our statute of amendments, it was held by this Court, in 1822, that an objection for such an omission could be made on a special demurrer only.* In one thousand eight hundred and twenty-six, this construction of the statute was [approved and acted upon by the Court.† None of the cases cited, shew that the point has ever been decided differently here.

*Ala. Reps 89

† Ib. 123

The construction ought to be considered settled; and we are the less inclined to inquire into its correctness, because the seventh rule, established by this Court, in 1830, for the regulation of the practice in the Circuit and County Courts, gives the defendant, in any such Court, a right to oyer of any instrument, which is the foundation of the action against him. This right must be allowed, as we understand the rule, whether a profert be made or omitted in the declaration. By a statute passed in 1824, it was enacted, that no demurrer shall have any other effect than that of a general demurrer. As there is no mode now in which a party can raise any question for an omission, in a declaration, of profert—such an omission is without any legal effect.

Of the other questions argued at the bar, two were

1st. Whether the condition of the bond is such as the act prescribed, which authorised the Judge of the County Court to take the bond.

2d. If the condition enlarged the liability of the obligors, whether the bond is wholly void, or void only for any excess of liability beyond that which the statute required to be created by the execution of the bond.

The act which authorises such bonds to be taken,
provides, that the condition of them shall be, that the
person to whom a license to keep a public ferry is
granted, " will constantly provide and keep a good
and sufficient boat or boats ; also keep the banks on
each side of the water course *in good repair*, and
that the ferry shall be well attended for travellers
or other persons to carry or pass their horses, carria-
ges or effects, over such river or water-course."*

*Aik. Dig. 363

The conclusion to which we have come on the
first of the last two questious that we have men-
tioned, will render it unnecessary to decide the last
of the two.

An objection has been made to that part of the
condition, which required Botts to keep good and
sufficient boats. The condition prescribed by the
act, is, that the keeper of a public ferry shall keep a
good and sufficient boat or boats. Upon the condi-
tion set out in the declaration there could be no re-
covery on the bond, for the failure to keep two boats,
unless the injury alleged could have been prevent-
ed by having that number at the ferry instead of
one, and a condition in the words prescribed by the
act would be broken, if it could be proved that the
loss in such a case could have been avoided, had
there been two sufficient boats at the ferry. The le-
gal effect of the condition in this respect, as set out,
and as it has been prescribed by law, is the same.

It has been contended, that another part of the
condition set out in the declaration, and upon which
the second breach was assigned, is an excess beyond
the condition required by law. This part of the
condition is, " that Botts shall do and perform gene-

BOTTS et al. *vs.* BRIDGES, Judge, &c.

rally all matters and things required by the laws of the State, in such cases made and provided to be done and performed by the keepers of public ferries, for and during the time he may keep his ferry." The breach assigned on this part of the condition is, that the injury alleged in the declaration was the result of the negligence of Botts and his servants, in the management of the ferry, while they were carrying the property of Rodgers across the ferry. The argument in support of the objection to this part of the condition, was, that it would make the obligors liable for any loss sustained by a person, in crossing the ferry, which was not the result of inevitable accident, or of an act of a bublic enemy of the country.

If such would be its effect, this part of the condition would be void, and the bond also, at least *pro tanto*. Botts was bound by this condition, to do such things only, as the laws made in such cases, required of the keepers of public ferries. The keepers of public ferries are required by the laws, as such keepers, to keep the banks of the river, at their respective ferries, in repair, to provide a sufficient boat or boats, and to attend their ferries well. For any failure to do these things, they and their securities may be liable upon their bonds.

But their liability for losses, not caused by a breach of the lawful condition of their bonds, can not be legally claimed upon their bonds. A responsibility for injuries for any other cause, would be upon them, not as keepers of public ferries, but as common carriers; and, in such a responsibility their su-

4P.                    36

BOTTS et al. *vs* BRIDGES, Judge &c.

reties would not share. This part of the condition did not, we think, increase the duties of Botts, as a keeper of a public ferry, or enlarge the legal effect of the condition required by the statute.*

*3 Stew. R 109, 427.

The last objection made to the declaration, is, that the breach in the third assignment is alleged to have consisted in the negligence of Botts and his servants, in keeping and managing the ferry, from which negligence the property of Rogers was wholly lost, while they were carrying it across the ferry.

That such negligence, and consequent damage, were a breach of that part of the condition which required the ferry to be well attended, we do not doubt. Negligence in the keeper of the ferry or his servants, in conducting the boat with the property of Rogers on board, was want of the attention required by the lawful condition of the bond.

The other questions, of which we have to take notice, are, 1st, that the verdict is defective, in not finding the debt, as well as assessing damages; 2nd, that the judgment is erroneous, in being for the damages only, which the jury had assessed.

For any recovery upon a bond of a keeper of a public ferry, the act of eighteen hundred and twenty-one, directs such a judgment to be rendered, as the one in this case, and there is no defect in the verdict, for not finding that, for which there ought not to have been a judgment.†

† Aik. Dig. 364

As this act, as well as that of eighteen hundred and twenty-four, which is a copy of the statute of 8 and 9 W. 3, for the regulation of the proceedings in actions upon bonds with collateral conditions, are both contained in Aikin's Digest, which has

been established by law, each of the statutes must be allowed some effect.

To give the act of eighteen hundred and twenty-one the effect which we ascribe to it in this case, will limit but little, the operation of the act of eighteen hundred twenty-four.

Let the judgment be affirmed.