## DESHLER v. HODGES, USE, &C.

1. When a plea begins as an answer to a part of the declaration, and is in truth nothing more, the plaintiff cannot demur, but must take judgment by *nil dicit*, for the part unanswered. But if a plea profess in its commencement to answer more than it afterwards answers, and the part unanswered is material, and of the gist of the action, the whole plea is bad on general demurer.

2. Where, from an inspection of promisory note, it is doubtful whether the party making it, acted for himself or as the agent of another, parol evidence is admissible to remove the doubt, and show the character of the transaction.

Writ of error to the Circuit Court of Franklin.

THE defendant in error declared against the plaintiff, for money had and received, goods, wares and merchandise, sold and delivered, and on a promissory note.

The defendant pleaded *non assumpsit*, and a special plea, as follows: "And for a further plea in this behalf, the defendant comes and craves oyer of the promissory note and endorsements sued on, which are read to him in the following words:

R. Road note, $269 97.

$269 97. On or before the first of July next, I promise to pay Willis Hodges, the just and full sum of two hundred and sixty-nine dollars and ninety-seven cents, it being for bal. on string timber for the T. C. & D. Rail Road Co.

DAVID DESHLER,
Pr. JESSE ELLIS.
DECATUR, March 21st, 1839.

"Received on the within, twenty dollars, Aug. 13, 1839."

"And says the plaintiff should not have and maintain his action against him, because he avers the timber furnished, was delivered to said T. C. & D. R. R. Company, at Decatur, by the payee, upon a contract with said Rail Road Company, for the use and benefit of said company, and not for defendant individually.

"Defendant avers that Jesse Ellis, whose name appears in the note set forth above, was at no time his agent individually,

either before or since the signing of said note; nor has he recognised his authority since the signing. Defendant further avers, that he was before and since the date of said note, and maturity of the same, general superintendant, agent and treasurer of the aforesaid rail road company, and the aforesaid Ellis was agent of said company also, with limited special authority—that is to say, among other things, he was agent to receive timber at Decatur, for the use and benefit of the rail road company, (and not for this defendant) and give a statement of balances due from said company on that account; and under that authority, the said Ellis made the note sued on, and indorsed thereon before delivery to the payee, "Rail Road note; $269 97." And defendant avers that payee received the note as evidence of a demand against said company, as he believes, at the time it was made and delivered to him by the said Ellis, and not as the note of this defendant. He also avers that said note was presented to him on the 13th of August, 1839, as agent and treasurer of said Rail Road Company, and in that capacity, and not individually, he paid the holder twenty dollars out of the funds of said company, and entered the credit on the note, "paid on the within, twenty dollars, August 13, 1839." He avers he did not pay any thing individually; but paid the funds of the company, upon a statement of the said Ellis, of a balance due to the payee on account of timber furnished the Rail Road Company at Decatur, and this he is ready to verify."

This plea was verified by the oath of the defendant, and demurred to, by the plaintiff.

The cause coming on for trial, the plaintiff's demurrer was sustained, and the defendant withdrawing his first plea, a jury was empannelled to assess the damages, who returned a verdict for two hundred and ninety-five dollars and sixty-three cents; and a judgment was thereupon rendered.

PECK, for the plaintiff in error, contended, that although the plea in terms may commence as a plea to the action, while it answers the count upon the note alone, yet it is manifest that it was not so intended, or so considered by the Circuit Court, or it would have been there amended, after the demurrer was

sustained. But this objection is not good on general demurrer. Phelps v. Sowles, 19 Wend. Rep. 547.

If it be objected that the plea is argumentative and double, it may be answered that this objection is not available on general demurrer. Callison, *et al.* v. Lemons, 2 Porter's Rep. 145.— But the plea amounts to nothing more than a denial of the authority of Ellis to make the note in the defendant's name.

Wm. Cooper, for the defendant. The plea undertakes to answer the entire declaration, while in fact it merely denies the right to recover upon the count on the note. It is also bad, because it is vague, uncertain, argumentative, and presents several distinct points. (Cavanaugh v. Tatum, 4 Stew. & P. Rep. 208; Manning & Adams v. Norwood, 1 Ala. Rep. 429.) It is further objectionable, in referring to the jury the effect of the note, and seeks to let in parol evidence to contradict it.

The plea was demurrable for duplicity. Service v. Hermance, 2 Johns. Rep. 96; Connelly v. Peire, 7 Wend. Rep. 129; Kennedy v. Strong, 10 Johns. Rep. 289; Cooper v. Hermance, 3 Johns. Rep. 315.

HARVARD LAW SCHOOL LIBRARY

COLLIER, C. J.—The act of 1824, "to regulate pleadings at common law," is certainly very liberal in its provisions; enacting among other things, that "no demurrer shall have any other effect than that of a general demurrer:" and if the only objection to the second plea, was duplicity and argumentativeness, we should be prepared to say, that the judgment of the Circuit Court was erroneous. But it is insisted, that the plea is defective, because it does not present a defence to the entire declaration. It is a rule in pleading, that every plea must answer the whole declaration, or all that it assumes in the introductory part to answer. Where a plea begins as an answer to a part, and is in truth nothing more, the plaintiff cannot demur, but must take a judgment for the part unanswered by *nil dicit;* and it is said, if he demur or plead over, the whole action is discontinued. But if a plea profess, in its commencement, to answer more than it afterwards answers, the whole plea is bad, and the plaintiff may demur; this rule, however, is to be understood with the qualification, that the part of the declaration which is professed to be, but not answered by the plea, is material, and of the gist of the action. 1 Chitty on Plead. 509.

It is admitted that the plea assumes to answer the entire declaration, and is in fact responsive only to the count on the note; but this objection, it is insisted, can only be taken advantage of by special demurrer. To show that the argument is not defensible, it is only necessary to consider the nature of the objection. A defendant undertaking to plead to the *action*, must interpose such a plea as will put in issue all the material averments of the plaintiff, so that if it is admitted or proved to be true, the suit will be ended, and the defendant entitled to judgment. Now suppose the Court should have adjudged the plea to have been good, would it be pretended that the plaintiff could not proceed upon his count for money had and received, &c? We think not. And if the plea does not constitute a defence to the extent to which it professes to go, it must be defective in substance. The case of Phelps v. Sowls, 19 Wend. Rep. 547, cited for the plaintiff in error, instead of showing the law to be different from what we have stated it, is an authority to show that the view we have taken, is correct. See also, 1 Chitty's Plead. 509, and cases there cited.

The defendant's plea was doubtless intended as a denial of the authority of Ellis, to make the note in his name; also, averring that it was given and received for, and on account of the Rail Road Company, and not as an individual charge upon him. If it were not for the objection, we have considered, it is probable, that under the influence of the act of 1824, already cited, it would be holden good; although it is both argumentative and double. It is no objection, that if issue were taken on the plea, it would admit parol evidence to show, that the Rail Road Company were liable to pay the note. In Lazarus v. Shearer, 2 Ala. Rep. 718, it was held, that such proof was admissible, where from an inspection of the paper, it appeared to be doubtful, whether the party making it was to be personally responsible; and the authorities cited in that case, show that such is the law.

The indorsing on the note at the time it was made, "Rail Road note, $269 97," together with the evidence afforded by its inspection, is quite sufficient to admit parol evidence to show that it was intended only to bind the company, and so received by the payee. But for the insufficiency of the plea in the point first noticed, the judgment must be affirmed.