## MALLORY, ET AL. v. MATLOCK.

1. The refusal of a Court to permit a party to file interrogaties, and make an order for the adverse party to answer the same is not reversable by writ of error. *Quere ?*—Whether a mandamus is not the proper remedy, when a proper case is made.

2. A technical discontinuance by reason of the omission of the plaintiff to take a judgment of *nil dicit*, when a part of his debt is not answered by the plea filed, will not be enforced here.

3. When a demurrer has been improperly sustained, the error may be cured by withdrawing it and pleading to issue.

4. The omission to make profert of a sealed instrument is not, according to the course of practice, available on general demurrer.

Writ of error to the County Court of Benton.

DEBT by Matlock against the Mallorys, on a writing obligatory, made by them, payable to him, on the 15th February, 1842, for $3,315. The declaration is in the usual form, except that it contains no profert of the writing obligatory. The defendants demurred, and their demurrer being overruled, they then pleaded as to $3,289 of the debt, that they paid the same on the 2d day of March, 1842, to one Hammond, who was the duly authorized agent of the plaintiff, to receive the sum so paid. The plaintiff first demurred to the plea, and the Court sustained the demurrer; afterwards he asked leave to withdraw his demurrer and rejoin to the plea, which the Court allowed him to do. Upon which the defendants excepted. The plaintiff then asked for a judgment, as to that part of his declaration not answered by the plea, and took issue upon it. The defendants refused to have any thing to do with the cause after the demurrer was sustained to their plea, except to make objections to any further proceedings in the cause.

The judgment entry recites the proceedings before stated with respect to the pleadings, and that the plaintiff asked a jury to try the issue joined, and also to assess the debt and damages in the plaintiff's declaration mentioned, not pleaded to. Whereupon came a jury, &c. who, being sworn to try the issue joined, and assess the debt and damages not controverted in that behalf, returned a verdict, finding the issue for the plaintiff and found the debt to be $3,300, and assessed the damages at $633 90, for which sums judgment was rendered.

At the first trial term the defendants filed certain interrogatories to be answered by the plaintiff, which it is unnecessary to state with more detail, as the opinion of the Court turns upon the invalidity of the exception. The Court refused to makes an order requiring the plaintiff to answer, upon which the defendants excepted. The trial was had at a subsequent term.

The defendants below now assign as error—

Mallory, et al. v. Matlock.

1. The refusal of the order for the plaintiff to answer the interrogatories filed.

2. That the Court should have entered a judgment, that the cause was discontinued after the demurrer to the plea.

3. In overruling the demurrer to the declaration.

4. In sustaining the demurrer to the plea.

5. In rendering the judgment shown in the record.

6. In not giving judgment for the defendants upon the whole record.

S. F. RICE, for the plaintiffs in error, made the following points:

1. The matter of the interrogatories was proper, and the order for their answer should have been made. [Goodwin v. Wood, 5 Ala. Rep. 152; Id. 731; Young v. McLemore, 3 Id. 295.]

2. By demurring to the plea, the plaintiff discontinued his action, as no judgment was taken for the part not answered by the plea. [Deshler v. Hodges, 3 Ala. Rep. 509; Steph. on Plead. 216; Comyn's Digest, Pleader E. 1, F. 4; 1 Saund. 28, note 3; Vincent v. Bester, 1 Lord. Raym. 716; Tippet v. May, 1 B. & P, 411; Markel v. Johnson, 1 Salk. 180 ]

3. After the discontinuance the cause could not properly be reinstated. [Leavitt v. Dawson, 4 Ala. Rep. 335; Givens v. Robbins, 5 Ib. 676; 6 Comyn's Dig. 271, Ev. 4; Steph. on P. 216.]

4. The plea is good, and upon the judgment upon the demurrer, the Court had no power to allow it to be withdrawn. [Clay's Dig. 334, § 119.]

5. As the judgment entry is, there is no judgment by *nil dicit*, for the part unanswered by the plea.

T. A. WALKER, contra.

GOLDTHWAITE, J.—1. The refusal of the County Court to make the order asked for, at the instance of the defendants, to require the plaintiff to answer the interrogatories propounded by them, is not a matter which can be reversed by writ of error. It is not a matter entering into the final judgment of the Court, but is merely one mode, out of many, by which evidence is to be brought before the jury; and does not, to us,

seem to materially differ in its analogies, from the suing out of a commission to take the deposition of a witness. If the Court acts improperly in such a matter, it may possibly be subject to revision after the judgment is given, if the exception is properly taken, but if it refuses to act when a proper case is made out, it is quite likely that a *mandamus* would afford the appropriate remedy.

2. With respect to the supposed discontinuance arising out of the omission of the plaintiff to take judgment by *nil dicit*, for the portion of the debt unanswered by the plea, as well as the defect of form in the judgment entry we can only say, they belong to a class of exceptions which have never of late years, been recognized in this State, as affecting the validity of a recovery. The whole course of legislation, and of judicial decision in accordance with it, has been to divest our practice of technicalities, which, instead of advancing justice, tend greatly to bring the science of law into discredit. What injury has been done to these parties by the omission of the plaintiff to take a judgment in the manner it is contended he should have done? or why should the defendants complain, when every thing they asserted in defence of the action, has been found untrue by the verdict? The case of Deshler v. Hodges, 3 Ala. Rep. 509, affords no ground to the defendants, as no question as to the effect of a discontinuance was there decided, but what is said is a mere iteration of what is found in the books upon this subject.

3. In the present case the demurrer was withdrawn, and the error which there might otherwise have been in sustaining it, was thus corrected, and we entertain no doubt of the correctness of such a course of practice.

4. The objection to the omission of the profert of the writing obligatory in the declaration, is not seriously pressed, nor is it available on demurrer, under our practice. [Botts v. Bridges, 4 Porter, 274.]

We are unable to perceive any error in the record, and therefore the judgment of the County Court is affirmed.