MALLORY, ET AL. V. MATLOCK.

1. Where a party in a cause pending at law, proposes interrogatories to his adversary, pursuant to the statute, and they are improperly rejected, his appropriate remedy is a *mandamus*, to compel their allowance.

2. The statute which permits a party to examine his adversary upon interro-

gatories in a suit at law, does not take away the right to file a bill for dis-
covery ; if however he elects to file such interrogatories, he " shall not be
allowed afterwards to exhibit a bill in chancery for discovery touching the
same matters:" but if the court disallows or rejects interrogatories, and
they are not so filed as to require answers, there is no such election as
will preclude a resort to chancery.

3. Chancery cannot entertain a bill for discovery after a judgment at law,
where the fact sought to be elicited is matter of legal defence, unless a
sufficient excuse is offered for not having exhibited it, at an earlier period.

4. Relief cannot be obtained in equity against usury, where the party has
omitted to plead it at law, and shows no excuse for the failure.

5. Where the answer is a complete denial of a bill upon which an injunction
issued, the bill, if wanting in equity, may, not only be dismissed, but the dam
ages prescribed by statute, may be imposed, upon the ground " that the
injunction was obtained for delay."

Writ of Error to the Court of Chancery sitting at Jack-
sonville.

IT is stated in the bill that the complainants, William and
Henry H. Mallory, the former as principal, and the latter as
surety, executed their bill single, on the 15th February, 1841,
by which they promised to pay to the defendant, twelve
months after date, $3,315.   On this specialty the defendant
recovered a judgment against the obligors at the July term of
the county court of Benton, holden in 1844, for the amount
expressed on its face, with interest thereon.

The complainant, William Matlock, paid on the writing in
question twenty-five dollars in cash, and in addition to that
it obliged the obligor's to pay seventy-two dollars and fifty
ceets more than was due at its maturity ; this excess was pro-
duced by the calculation of interest at a higher rate than eight,
per cent.   Complainant was aware of these facts at the Jan-
uary term of the county court preceding the rendition of the
judgment, and then proposed to exhibit interrogatories to the
defendant, to elicit proof of them pursuant to the statute—
there being no other witness by whom he could establish the
same.   But his interrogatories were ruled out, and after the
judgment was rendered against the obligors, they prosecuted
a writ of error to the supreme court, where the decision of

the county court, in respect to the interrogatories, and the entire case, was affirmed. The complainant, Smith, having executed the writ of error bond as a surety, he became a party to the judgment of affirmance.

It is alledged that the defendant resides in the county of McMinn, in the state of Tennessee, and had no agent in this state, or any one else authorized to receive what was really due to the defendant, within the complainant's knowledge. The complainant, William Matlock, however, proposed to one of the defendant's counsel, to pay the amount of the judgment, excepting the $25 previously paid, and the usurious interest, if a settlement could thus be made; but the attorney declined the proposition, saying he was unauthorized to accept less than the entire amount of the judgment. Thus a tender is excused, but the complainants declare their readiness to pay, and offer to pay the proper sum into court, as may be directed. The bill prays that an injunction may be awarded, &c., which was accordingly done.

The defendant answered, admitting the exhibition of interrogatories, and the decision thereon, and the execution of the bill single, as charged by the complainants; denies that any sum was reserved for interest above the legal rate, or that $25 or any other amount was paid in part of the indebtedness in question, which was not duly applied. In May, 1842, $15 was paid him, which were duly applied; $25 were paid respondent previous to the execution of the note, upon another and distinct account, which of course cannot be claimed as a credit.

It is alledged that the complainants and defendant were present at the trial at law, and represented by counsel; the plea of payment was filed and passed on by the court; and a full and fair opportunity afforded to plead usury or any other defence they thought proper, but no such plea was interposed, or at least attempted to be sustained.

Respondent denies that a tender was ever made by the complainants to the defendants' attornies, though well known to them; and hence it is insisted that they have no right to come into equity. The answer prays the benefit of a demurrer, according to the statute in such case.

The chancellor was of opinion that the answer was a full

denial of every allegation of the bill; further, that the bill it-self did not present a proper case for equitable relief; there-upon the same was dismissed with costs, and six per cent. damages, as by statute provided, where an injunction is obtained for delay.

S. F. RICE, for the plaintiffs in error, contended, that the decree was erroneous in adjudging damages against the complainants; this was not allowable where a bill was dismissed for want of equity. [5 Ala. Rep. 55.] The decree must be reversed and rendered, if defective, at defendants' costs.

But the bill is not wanting in equity; it is for discovery and relief, and excuses delay, if an excuse be necessary, for not making the defence earlier. [6 Ala. Rep. 320.] In cases of usury, the jurisdiction of law and equity are concurrent. [5 Ala. Rep. 65; 9 Dana's Rep. 5.] It has been intimated by this court, that a *mandamus* is the appropriate remedy where a court of law refuses to allow interrogatories to be exhibited to a plaintiff according to the statute; but this is a mere *dictum*, and will not be regarded as an authority. [7 Ala. Rep. 506, 757.] But if a *mandamus* is allowable in such case, chancery must also entertain jurisdiction; or otherwise the suit at law would be disposed of before a *mandamus* could be applied for, and the party left remediless. See 3 Ala. Rep. 406.

A. J. WALKER, for the defendants, insisted—A party asking relief against a usurious contract, must excuse the failure to make defence at law. [1 Stewt. Rep. 81; 2 Id. 420.] The camplainants could have defended at law—they were not prevented by the act of the defendant, but are themselves chargeable with negligence. [7 Porter's Rep. 549.] A bill of discovery comes too late after judgment, unless some reason is shown for not having filed it previously. [3 Stewt. R. 155; 5 Porter's Rep. 547.] The defendants' answer is a full denial of the bill, and though it was dismissed for want of equity, it was entirely proper to decree the six per cent. damages. In the case cited on this point from 5 Ala. Rep. 55, the

Mallory, et al. v. Matlock.

defendant had not answered ; and this, as will be seen from the opinion of the court, made a material difference.

COLLIER, C. J.—The chancellor was clearly correct in dismissing this bill for want of equity. We have carefully examined it, and cannot discover any allegation which would furnish a pretence for sustaining it. In respect to the ruling of the county court upon the interrogatories to the defendant that does not entitle the complainants to a hearing in chancery. In Mallory, et al. v. Matlock, 7 Ala. Rep. 757, it is suggested that if interrogatories in such a case are improperly rejected, a *mandamus* would be the appropriate remedy to compel the primary court to admit them. If this suggestion be well founded, it would have been competent for the complainants to have applied for that writ, at the term of the circuit court intervening between January and July, 1844. Bnt if they had not thought proper to pursue this course, they could have filed their bill previous to the judgment at law ; for the proviso to the act of 1837, under which the interrogatories were proposed, explicitly declares that a party to an action at law, may exhibit his bill "for a discovery against any adverse party, as heretofore, if he shall elect to do so ; but any party having elected to file such interrogatories, shall not be allowed afterwards to exhibit a bill in chancery for discovery, touching the same matters." [Clay's Dig. 341, § 160.] Interrogatories which the court have disallowed, cannot, within the meaning of the *proviso*, be said to have been filed ; consequently there was no election which could have prevented the complainants from calling for a dicovery by bill; and if there was, it is apprehended that the same reason would apply after judgment at law, unless there was some independent ground for equitable interposition. It has been repeatedly held, not only by this, but other courts, that chancery cannot entertain a bill for discovery after a judgment at law, where the fact sought to be elicited is matter of legal defence; unless an excuse is offered for not having exhibited it at an earlier period. So it may be regarded as settled, that relief cannot be obtained in equity against usury, where the party has omitted to plead it at law, and shows no excuse for the failure. The law was so ruled by our predecessors in this

court, even when usury went to avoid the contract *in toto*, in a court of law. Since the modification, which only operates a forfeiture of all interest, leaving the principal to be recovered, that decision cannot be questioned, even if the Kentucky cases should be recognized as correctly expounding the law.

In Crawford v. the Bank of Mobile, 5 Ala. R. 55, the defendant failed to answer the bill, and it was said that it could not be assumed that because a bill was wanting in equity, that the complainant exhibited it merely for the purpose of obtaining delay. He may have been prepared to sustain its allegations, and impressed with the belief that its equity was unquestionable. But in the case at bar, the answer is a complete denial of the bill, and showing very forcibly, in the language of the statute, "that the injunction was obtained for delay." Consequently the case was a proper one for the imposition of damages. The fact that the bill was dismissed because the case presented was not proper for a court of equity, cannot place the complainants in a more favorable position.

We have but to add, that the decree must be affirmed.