## ROBINSON vs. CRAIG.

1. In an action for a tort to to the person, the plaintiff is not entitled to a discovery from the defendant in aid of his action.
2. A writ of error will not lie to revise the action of an inferior court, on an application for the allowance of interrogatories under the statute to a party in the suit.

Error to the Circuit Court of Limestone. Tried before the Hon. Thomas A. Walker.

THE plaintiff instituted his action against the defendant in error for seducing, debauching, &c., the wife of the plaintiff, and made application to the court for the allowance of interrogatories under the statute to the defendant, in aid of his action. The court refused the application, and to revise this action of the court, the writ of error in this case is sued out.

L. P. WALKER, for plaintiff in error:

1. The *facts* sought to be elicited from Craig by the interrogatories, are not such as he would be privileged from disclosing upon a bill of discovery in chancery.—In chancery the defendant is not privileged from making the discovery sought, unless it would subject him to a criminal prosecution, to penalties, or to a forfeiture, or something in the nature of a forfeiture. 2 Paige R. 601; 1 Peters, 100, 138, 232; 2 Vesey, 245; Story Eq. Pl. (3d edit.) § 824, § 575–6, § 521–2–3–4; Hare on Discovery, 131–156; Wigram Discov. p. 28–9 (Law Library edition). As to what are *penalties* and *forfeitures* as here alluded to, see Story's Eq. Pl. (3d edit.) § 579–80, *et seq.*

2. A bill of discovery lies as well in aid of an action for a *tort*, as of an action upon a *contract*. It is only where the *tort* amounts to an *indictable offence*, or subjects the party to *penal consequences*, that discovery is refused. All the cases in 5 Maddox Rep. 218; 2 Sim. & Stu. 79; 2 Russell Rep. 550; 4 Sim. 263; 1 Keen, 329; are decided upon this principle. See particularly, 3d edit. Story's Eq. Pl. § 553, note (3); ibid, § 597, note 3 and 4; 9 Paige, 580.

L. PARSONS, for defendant:

1. A party is not bound to discover what may even tend

to criminate him, nor to disclose one fact which, with others, might have that effect. Story's Eq. Plead. § 524, (3d edit.) 579.

2. This is an action *ex delicto,* in the nature of a personal tort. There is no case in which the plaintiff, in such action, ever maintained a bill of discovery. This was said by the counsel on both sides and by the court in Glynn v. Houston, 1 Keene, 329.

3. The above suggestions and authorities take this case entirely out of those decisions which have recently gone most unjustifiable lengths, as I think, in allowing discovery in cases of even crime, when the danger of indictment is at an end. The danger of perjury appears to have been lost sight of. But if it were necessary, I would contend that this case, independently of the matters suggested above, is not within those authorities. They must have some limit.

DARGAN, J.—I have sought in vain to find a precedent where a bill of discovery has been brought in aid of an action at law, to recover damages for a tort done to the person of the plaintiff. In the case of Glynn v. Houston, 1 Keene, 329, it is said, both by the counsel in argument and the court in delivering judgment, that no such case could be found. This, to my mind is conclusive, that a plaintiff who has sued for a tort done to his person, cannot file a bill of discovery to compel the defendant to confess the commission of the tort.

2. But we think it settled by a previous decision of this court, that a writ of error will not lie to review the action of an inferior court, refusing to grant an order requiring a party, to whom interrogatories have been propounded, to answer them under oath. In the case of Mallory v. Matlock, 7 Ala. 757, it is said, " the refusal of the court to grant an order, requiring the defendant to answer the interrogatories propounded to him, is not a matter that can be reviewed by writ of error." It is not a final sentence, judgment or decree, but is merely an interlocutory order, and does not necessarily enter into the final judgment. If the court should refuse to grant the order, when a proper application is made to it, this error may be corrected by mandamus during the pendency of the suit: But it cannot be reviewed by writ of error, nor can the plaintiff in error,

by taking a non-suit because of the refusal of the court to make the order, bring the case before this court by this writ.

The judgment must be affirmed.