## EX PARTE GRANTLAND.

[MOTION FOR MANDAMUS TO COMPEL DISCOVERY AT LAW.]

1. *Whether mandamus lies to compel discovery at law.*—When a party to whom interrogatories are propounded in aid of an action at law, refuses to answer them, and the court refuses, on motion, to require him to answer, *mandamus* will not lie to compel him to answer them, if the evidence sought to be elicited is irrelevant; whether it would lie in any case, *quære.*
2. *Relevancy of evidence to prove admission of indebtedness.*—In an action to recover for services rendered, the fact that the defendant inserted, in a will executed after the rendition of the alleged services, a clause to the effect, that he gave plaintiff certain property on condition that he would set up no claim against his estate after his death, is irrelevant evidence: it contains neither an admission, nor any circumstance tending to show an admission, of any indebtedness past or present; but is, at most, an offer to purchase peace.

MOTION for a *mandamus* to the Circuit Court of Madison, Hon. JOHN E. MOORE presiding, to require that court to compel an answer to certain interrogatories in aid of a discovery at law; which the party to whom they were propounded, declined to answer, on the ground that they were impertinent and irrelevant, and he therefore demurred to them; and which the court refused, on motion, to compel him to answer. The plaintiff in the action, by whom the interrogatories were propounded, excepted to the ruling of the court on his motion; and the record of the proceedings is made a part of his present application.

ROBINSON & JONES, for the motion.—The interrogatories which the defendant below refused to answer, assumed that he, in the lifetime of plaintiff's intestate, had made a will, by

one clause of which he had given said intestate certain property, in consideration of services rendered, upon condition that said intestate would set up no claim against his estate for such services; and these services are the foundation of the action. It is not contended, that such a clause in a will would be operative to pass any right to the property, or be a foundation for any right of action; but it is insisted, that it is competent evidence, as an admission by defendant that the services had been previously rendered for him by the intestate, and that he then owed for them.—Jennings v. Blocker's Adm'r, 25 Ala. 415–22; Jordan's Adm'r v. Hubbard and Wife, 26 Ala. 433. If the defendant had said to the attorney who wrote the will, 'I owe Grantland for services rendered; insert a clause giving him $10,000 for them, but upon condition that he brings forward no claim for them against my estate,' this would surely be competent evidence as an admission; and the fact that the clause was inserted, instead of weakening the effect of it as evidence, would add to its force. Such a direction could not be proved by the attorney to whom it was made, because it would fall within the protection afforded to confidential communications; but the defendant himself can claim no such exemption.—1 Story's Eq. Pl. § 599; 1 Dan. Ch. Pr. 638.

WALKER, CABANISS & BRICKELL, *contra.*

STONE, J.—If the testimony sought to be elicited by the several interrogatories to which the demurrer was sustained, is not relevant to some one of the issues, the motion for *mandamus* must be overruled.

The action, in aid of which the interrogatories were filed, was brought by petitioner, as administrator of Walter Grantland, against Nicholas Lewis. The complaint contained several counts; for work and labor done, for negro hire, on an account stated, for money had and received, for money lent, and for money paid. The defendant pleaded *non assumpsit*, set-off, and the statute of limitations of three and six years.

The interrogatory numbered 120 is the one which discloses the object in propounding the series from 119 to 127, inclusive. Its language is: "In some one or more of said wills,

did you insert a clause in favor of said Grantland, to the effect, that you gave him negroes and money, *upon condition that he would set up no claim against your estate after your death?"*

To test the pertinency of this question, let us suppose it to be answered affirmatively. Would the proof be relevant to any one of the issues? We think not. It contained neither an admission, nor any circumstance tending to show an admission, of any indebtedness past or present. It furnished no fact from which an indebtedness could have been implied. It was, at most, an offer to purchase the peace, not of himself while living, but of his estate after his death. This was inadmissible against him as evidence.—See Cowen & Hill's Notes to Phil. Ev., part 1, page 218.

We need not, and do not, now decide that *mandamus* would lie for the object contemplated in this proceeding. We have seen that the circuit court, in sustaining the demurrer to the interrogatories, did not err; and the writ of *mandamus* is refused, with costs.