(115 So. 155)

## Ex parte STATE ex rel. TUCK.

## TUCK v. CARLISLE.

### (6 Div. 3.)

Supreme Court of Alabama. Jan. 12, 1928.

1. **Mandamus ⬦40—Mandamus is appropriate remedy where judge has refused to require one's adversary to answer interrogatories to proper questions (Code 1923, § 7764).**

Where one's right to require his adversary in a pending suit to answer proper interrogatories, as provided by Code 1923, § 7764, has been refused, mandamus is the appropriate remedy.

2. **Discovery ⬦67—That some of interrogatories are objectionable does not justify trial court in refusal to require answers to proper questions.**

That some of interrogatories propounded to a party are objectionable as being vague and indefinite does not justify trial court in its refusal to require answers to proper questions.

Original petition of J. M. Tuck for mandamus to Hon. Roger Snyder, as Judge of the Circuit Court of Jefferson County. Writ granted.

Statement by SOMERVILLE, J.:

The petitioner filed interrogatories with the circuit clerk of Jefferson county, Ala., in the suit of J. M. Tuck v. Joel D. Carlisle, a copy of which was executed on the attorney for the defendant. The interrogatories not being answered, plaintiff filed a motion to require the defendant to answer them. Attorney for the defendant, upon the hearing of the motion, contended that the interrogatories were so vague and indefinite that defendant could not answer them. The motion was overruled, and the court entered an order that the interrogatories were so vague, indefinite, and unintelligible the defendant was not required to answer them. To this ruling the plaintiff excepted. The plaintiff filed supplementary interrogatories, and, on motion filed to require the defendant to answer them, it was contended by defendant that the plaintiff did not have the right, under section 7764 of the Code 1923 to file the second interrogatories. The court sustained this contention and overruled the motion, to which plaintiff duly excepted.

Petitioner's suit is for the recovery of one-half of the fees earned by him as a deputy constable under the defendant, which defendant agreed to pay him for his services, and which have been collected, and payment to plaintiff refused.

The petitioner prays for the granting of the rule nisi against the Honorable Roger Snyder, before whom said motions were made and heard, and by whom they were denied, requiring him to show cause why a peremptory writ should not issue commanding him to vacate and set aside said orders, and in lieu thereof to enter orders granting said motions requiring the defendant in said cause to answer said interrogatories.

The respondent judge demurs to the petition in grounds which challenge the appropriateness of the remedy by mandamus.

M. B. Grace, of Birmingham, for petitioner.

A party is bound to answer all pertinent interrogatories unless by the answers he subjects himself to criminal prosecution. Code 1923, § 7764; W. O. W. v. Alford, 206 Ala. 18, 89 So. 528. A party has the right to file supplemental interrogatories and require the adverse party to answer them. Ala. Power Co. v. Bodine, 213 Ala. 627, 105 So. 869; Southern R. Co. v. Hubbard, 116 Ala. 387, 22 So. 541; B. R. L. & P. Co. v. Oden, 164 Ala. 1, 51 So. 240.

Fred Fite, of Birmingham, for respondent.

Mandamus will not lie for the correction of errors. Ex parte State, 208 Ala. 28, 93 So.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

820. Nor will it lie to control the action of the trial court upon its ruling on the admissibility of evidence during the progress of trial. Ex parte Little, 205 Ala. 517, 88 So. 645.

SOMERVILLE, J. [1] The facts stated in the petition show that a legal right—the right to require his adversary in the pending suit to answer the, petitioner's interrogatories, filed under section 7764 of the Code—has been denied to him for the redress of which the writ of mandamus is the appropriate remedy. Robinson v. Craig, 16 Ala. 50; Mallory v. Matlock, 7 Ala. 757; Id., 10 Ala. 595.

We do not overlook the decision in Ex parte Grantland, 29 Ala. 69, that the writ will not be granted in such cases when it appears that the interrogatories to which it is directed call for irrelevant evidence. But the petition here shows that the interrogatories in question, with perhaps a few isolated exceptions, are not vague nor uncertain, and call for matter which is relevant to the issue and legally admissible, and as to which the defendant is bound and should be required to answer.

[2] As to the few possible exceptions referred to, if legally objectionable appropriate objections should be filed and brought to the attention of the trial court, but that cannot justify the trial court in its refusal to require answers to proper questions.

The petition does not seek to control any discretionary action of the trial court, nor does it seek to review, by piecemeal, any ruling of the court on the admissibility of evidence, and the writ will not so operate.

The demurrer to the petition will be overruled, and it is ordered that the rule nisi issue as prayed. Since, however, the petitioner has filed a second set of interrogatories, it is unnecessary to deal further with the first set, and the remedial range of the writ will be limited to the action of the trial court with respect to the second set of interrogatories, those filed on December 31, 1926.

Writ granted.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.