172 So. 641

### Ex parte ALTMAN.

6 Div. 52.

Supreme Court of Alabama.

Feb. 18, 1937.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for respondent.

BROWN, Justice.

This is an original application to this court for the issuance of a writ of mandamus to the circuit court of Jefferson county, Honorable J. Fritz Thompson presiding, to vacate the orders of that court granting the defendants' motions to strike from the files interrogatories propounded to the defendants by plaintiff under the statute. Code 1923, vol. 3, chapter 290, article 10, §§ 7764–7773, pp. 815–818.

The submission here is on the respondent's demurrer to the petition.

One of the counts of the complaint charges, in substance, that the defendant corporation falsely and maliciously published of and concerning the plaintiff, that he —plaintiff—and another "pseudo-labor leader" were used by one Huddleston, a candidate for Congress, to hoodwink and deceive the masses, and especially the organized labor people in Jefferson county; that "plaintiff was a false, spurious and

Stokely, Scrivner, Dominick & Smith and Altman & Abele, all of Birmingham, for petitioner.

476

untrustworthy labor leader"; and "as a proximate result of such malicious and false publications he [plaintiff] was put to much humiliation and mental anguish and was injured in the sight of his friends and bemeaned in the eyes of the public, and that he was embarrassed and distressed," etc.

The other count charges "that the defendant Mills, a servant, agent, or employee of the defendant corporation [Birmingham Post Company], while acting within the line and scope of his employment as such, entered into a conspiracy with one William Mitch for a publication of certain letters which were to be sent to the Editor's columns, which letters while presumably to come or to be sent as the spontaneous actions of certain people, in fact, which was known to the said defendant Mills, were to be critical and defamatory of the plaintiff and to hold him in an unfavorable light to the public and especially to the membership of Organized Labor in Alabama.

"Plaintiff alleges that as a part of that conspiracy one letter was published in the issue of May 27th and upon written demand being made to the defendants by the plaintiff the defendants declined to go forward with the publicaton of the letters originally agreed to with the said Mitch.

"Plaintiff further alleges that at intervals for some time during the past years the defendants have editorially and otherwise without good reason, cause or excuse therefor, criticized plaintiff and they sought thereby to put plaintiff before the public in an unfavorable light.

"Plaintiff further alleges that on May 4th, 1936, the defendants in a large advertisement in a prominent part of the said paper of that date spoke of the plaintiff as a pseudo-labor leader, meaning thereby that he was false and spurious and lying and a deceiver and untrustworthy.

"And further, plaintiff alleges, defendants meant thereby that by the use of plaintiff and one other, a candidate for Congress, namely, George Huddleston, was attempting to hoodwink the masses, meaning thereby that plaintiff had engaged in an unwholesome and a false and a dastardly effort to hoodwink and deceive the masses of the people, including the organized labor people whom plaintiff had represented for many years in the practice of his profession as a lawyer."

■ The defendants, without answering any of the interrogatories filed by the plaintiff under the statute, each made motion to strike certain of said interrogatories from the files, on grounds which go to the substance—the competency and materiality—of the testimony elicited thereby as evidence. The court granted said motions and struck 39 of the interrogatories propounded to the defendant Post Company, and forty of those propounded to the defendant Mills, and in this ruling the court erred. If there had been a noncompliance with the statute in filing the interrogatories or failing to verify the same as required by the statute, motion to strike would be proper. Brooks v. Continental Insurance Co., 125 Ala. 615, 29 So. 13; Baker et al. v. State ex rel. Green et al., 222 Ala. 467, 133 So. 291.

As observed in Sparks v. J. S. Reeves & Co. et al., 165 Ala. 352, 357, 51 So. 574, 575, "The better practice would seem to be, and the intention of the statute (Code [1907], § 1858) is, that within the time allowed such interrogatories as are pertinent and do not tend to criminate should be answered; and at the same time objections, properly setting forth the grounds, should be filed to such questions as are impertinent or as tend to criminate. Whether they are such is a matter that addresses itself to the court, and not to the party." This observation would apply to grounds of objection going to the relevancy, materiality, and competency of the answers sought to be elicited.

■ The averments of the complaint charging false and malicious publications, detrimental to the plaintiff's character, ability, and good faith, and conspiracy on the part of the defendants and others to publish spurious letters so reflecting on plaintiff, opened a broad field of inquiry, involving the defendants' motive and good faith or not in making the publication. Webb v. Gray, 181 Ala. 408, 62 So. 194; Nations v. Harris, 214 Ala. 339, 108 So. 29; Meadors v. Haralson, 226 Ala. 413, 147 So. 184; Age-Herald Pub. Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 37 A.L.R. 898; Age-Herald Publishing Co. v. Waterman, 188 Ala. 272, 66 So. 16, Ann.Cas. 1916E, 900; Vest v. Speakman, 153 Ala. 393, 44 So. 1017; 17 R.C.L. page 409, §§ 166, 167.

Interrogatories propounded to the defendant corporation numbered 15, 30, 33,

34, 35, 39(a), 56, 63(a), 94, 108, 111, 112, 120(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), and (l), are permissible and should be answered.

Interrogatories propounded to the defendant Mills numbered 16, 22, 39, 59, 61, 69(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), and 79 are permissible and should be answered.

The demurrer of the respondent is therefore not well taken, and is overruled. Ex parte State ex rel. Tuck (Tuck v. Carlisle), 217 Ala. 143, 115 So. 155; Ex parte Nolen, 223 Ala. 213, 135 So. 337.

■ Unless the circuit court, on being advised of this opinion, is content to vacate and set aside the orders striking the said interrogatories the clerk of this court will issue the peremptory writ of mandamus as prayed.

Writ of mandamus granted conditionally.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.