10 So.2d 482

**Ex parte BENSON.**

**6 Div. 41.**

Supreme Court of Alabama.

Nov. 19, 1942.

Jackson & Rives, of Birmingham, for respondent.

M. B. Grace and Phil Joiner, both of Birmingham, for petitioner.

436

FOSTER, Justice.

This is an original petition to this Court for mandamus to review an order of the Honorable J. Russell McElroy, Judge of the Tenth Judicial Circuit, directing petitioner to answer certain interrogatories propounded to him by defendant in a suit in which petitioner is the plaintiff.

Petitioner objects to the order on the ground that the interrogatories call for incompetent and irrelevant evidence. In the meantime, so far as we are advised, the suit awaits trial.

■■ The point is made by counsel filing brief for the Judge to whom the rule nisi issued, that the defendants in the case have not been served with notice nor otherwise given an opportunity to be heard, and that it is their interest which is involved in this proceeding. Reliance is had in the case of Ex parte Du Bose, 54 Ala. 278, in which it was held that mandamus will not issue "in a case that would be attended with manifest difficulties and great hardships involving in a collateral manner the right

of parties who have no opportunity of defending their interests"; quoted in Taylor v. Kolb, 100 Ala. 603, 606, 13 So. 779. But each application for mandamus should be considered to see if that condition exists. Roach v. State ex rel. Albritton, 148 Ala. 419, 39 So. 685; Stewart v. Wilson Printing Co., 210 Ala. 624(8), 99 So. 92. If no property rights are involved and determined, but only a procedural matter in a pending cause is sought to be reviewed, while the petition is for a writ to the Judge, he usually enlists the services of counsel who represent the party opposed to the contention and when such counsel appears and files brief for the Judge, we do not think the principle declared in the Du Bose case is involved. In this case the interrogatories in question are shown by the record to be signed for defendant by counsel who has filed brief in opposition to this petition. We do not think any hardship may here be visited upon the party whose interest is opposed to the petition now under consideration.

We will therefore proceed to consider the petition on its merits.

We have reviewed in this manner an order of a court overruling a motion to require a party to answer interrogatories when a suit has been filed which states a cause of action, and when they call for evidence which does not appear to be irrelevant or illegal. Ex parte Nolen, 223 Ala. 213, 135 So. 337; Ex parte State ex rel. St. Peters M. Baptist Church, 212 Ala. 365, 102 So. 793; Ex parte State ex rel. Tuck, 217 Ala. 143, 115 So. 155; Ex parte Altman, 233 Ala. 475, 172 So. 641; Ex parte Grantland, 29 Ala. 69.

■ But when it appears that the party to whom they are issued has no information such as is sought except as it was obtained from others and his testimony as to the matter would be illegal if made in court, he should not be required to answer the interrogatories so directed. Ex parte Pollard, 233 Ala. 335, 171 So. 628.

We doubt not that there are other instances in which an order to answer interrogatories would be contrary to law, and be reviewable by mandamus, as in Smith v. McCord, 203 Ala. 347, 83 So. 71. See also Ex parte Altman, 233 Ala. 475, 172 So. 641, supra. But we have also held that when a trial court has ordered interrogatories to be answered we will not in general review the order for the sole purpose

of determining the relevancy and competency of the evidence, especially when that may be dependent upon the incidents of the trial. Ex parte Little, 205 Ala. 517, 88 So. 645; Ex parte Farrell, 234 Ala. 498, 175 So. 277.

But if the proposed answers would violate some positive rule of law as to its competency as in the Pollard case, supra, and could not be rendered competent by the incidents of the trial, an order granting a motion to require the interrogatories to be answered may sometimes be reviewed by mandamus, if to review it by an appeal from an adverse judgment would not afford complete justice.

In this case plaintiff, to whom interrogatories were directed, and who here complains, is suing defendant (who propounded the interrogatories), for personal injuries. In propounding them, defendant declares that his purpose is "to show that the plaintiff in this suit is a fraudulent claimant who was not in fact injured at the time and on the occasion complained of but who has filed this case against these defendants as he filed a large number of other similar cases against other persons, firms, and corporations in Birmingham, Alabama, with fraudulent intent and purpose of recovering damages for injuries which he never in fact sustained."

The interrogatories require plaintiff to disclose if he has not previously sued for personal injuries in eight other named suits against variously named defendants. Some of the interrogatories may call for immaterial matter. If the answers are offered in evidence, the court will, on any objection by plaintiff then made, rule on their relevancy and competency.

As to whether it would be competent to prove in respect to such controversy no more than that the suits were filed and the name of plaintiff's attorney, in order to show that the instant suit is founded in fraud, involves principles of law which may not arise on the trial.

There may be other evidence offered which would relieve the question of doubt. This is illustrated in Johnson v. Day, 230 Ala. 165, 160 So. 340; Cartwright v. Braly, 218 Ala. 49, 117 So. 477.

In the meantime the defendant is due to have his interrogatories answered so that he may use the answers in evidence if they are relevant and competent when they may be offered.

The petition for mandamus is denied.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.