# Hill *v.* Rutledge.

*Statutory Trial of Right of Property.*

1. *Conditional sale of goods, absolute in form; validity as against creditors of vendor.*—A sale and conveyance of property by an insolvent or embarrassed debtor, absolute in form, but intended only as security for a debt, or otherwise containing a reservation for the benefit of the debtor, is fraudulent in law as against his existing creditors.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

The appellant in this case, S. H. Hill, was a member of the firm of Kennon & Hill, in whose name a judgment was recovered before a justice of the peace, on the 6th October, 1883, against J. H. Blalock and Elizabeth Blalock. An execution on this judgment was levied, on the 15th October, 1883, on "one thousand pounds of seed-cotton, more or less, and fifteen bushels of corn," which was found in the possession of said defendants, and to which a claim was interposed by W. T. Rutledge, affidavit being made, and bond given to try the right of property. On the trial in the justice's court, there was a judgment on verdict for the claimant, from which the plaintiff took an appeal to the Circuit Court; and on the trial in that court he reserved a bill of exceptions, which states the points here presented for revision. The plaintiff

[Hill v. Rutledge.]

having proved his judgment, and the levy of his execution on the property in controversy while in the possession of the defendants, who told the officer making the levy "that the property belonged to Rutledge;" the claimant offered in evidence a bill of sale signed by said John H. Blalock, which was dated April 10th, 1883, and in these words: "Know all men by these presents, that I, John H. Blalock, for and in consideration of one hundred and fifty dollars to me paid by W. T. Rutledge, the receipt whereof is hereby acknowledged, do bargain, sell and deliver to said W. T. Rutledge my entire crop of cotton, corn, peas, fodder and potatoes, raised the year 1883. The above is for the purpose of making a crop this year. Witness my hand," &c. The plaintiff objected to the admission of this bill of sale as evidence, "because it did not pass any legal title to claimant;" and he duly excepted to the overruling of his objection.

The plaintiff adduced evidence tending to show that this bill of sale, though absolute on its face, "was not in fact an absolute and *bona fide* sale of the crops therein mentioned, but was given to secure the payment of a pre-existing debt from said John H. Blalock to said Rutledge, and for the purpose of securing advances already made and to be made by said Rutledge to said Blalock; that said Blalock was then indebted to plaintiff, and he and his co-defendant were both financially embarrassed and insolvent at the time, and that said Rutledge had notice of that fact." There was evidence also, on the part of the claimant, "tending to show that said sale was absolute and in good faith; that the whole sum given for the crop was paid on that day and the next; that the crop was delivered to claimant on the day after the sale, and was cultivated as his." On this evidence, the plaintiff asked the following charge in writing: "Although it may appear from the evidence that there was a valuable consideration to sustain the bill of sale, yet, if it appear from the evidence that the Blalocks were, when it was executed, insolvent or embarrassed, and it was intended to secure a debt due from them to Rutledge, then it is fraudulent and void as to existing creditors of the Blalocks." The court refused to give this charge, and the plaintiff excepted to its refusal.

The admission of the bill of sale as evidence, the refusal of the charge asked, and several charges given at the instance of the claimant, are here assigned as error.

GEO. P. HARRISON, Jr., and S. O. HOUSTON, for the appel-

lant, cited *Sims v. Gaines*, 64 Ala. 392; *Bryant v. Young*, 21 Ala. 264; *Hartshorn v. Williams*, 31 Ala. 149.

WM. J. SAMFORD, *contra.*

CLOPTON, J.—There can be no valid objection to the admission in evidence of the bill of sale, which was made by one of the defendants in execution to the claimant, by which he claims to have acquired title to the property. It constitutes the foundation of his claim of ownership, and if the transaction is *bona fide*, free from the taint of fraud whether in law or in fact, title to the property in controversy was vested in him, effectual to sustain in his favor the proper issue in a statutory trial of the right of property. The material question relates to the nature and character of the transaction. There is evidence tending to show that it was an absolute sale, and also evidence tending to show that the bill of sale was intended as security for an antecedent debt, and for present and future advances. The evidence thus presents the case in two aspects; and as the validity of the transaction does not appear to be assailed, because of inadequacy of consideration, or on the ground that it is the product of actual fraudulent intent, the material issue is, was the transaction an absolute sale, or, in legal effect, a mortgage? Instructions to the jury were requested by both parties, referable to this decisive issue. In respect to those given at the request of the claimant, it may be remarked, that they are based on the theory of an absolute sale; and if such be the fact, they assert familiar propositions, and are free from error. It is unnecessary to consider them *seriatim.*

The plaintiffs requested the court to instruct the jury, that if it appears from the evidence that the defendants in execution were embarrassed or insolvent, and that the bill of sale was intended to secure a debt due to the claimant, it is fraudulent and void as to the existing creditors of the grantor, although it may be supported by a valuable consideration. Without reference to the actual intention of the parties, the law condemns, as offending the rights of existing creditors, an absolute conveyance of property, made by an embarrassed debtor, when there is a secret reservation for his benefit. The intent in such case is deduced from the transaction itself, the inevitable consequence being to hinder, delay, or defraud creditors. A conveyance, absolute in form, but intended as security for a debt, operates a secret reservation,

[Dowty v. Hall.]

for the benefit of the debtor, of a valuable right and prop-
erty—the equity of redemption—which is capable of being
subjected to the payment of his debts.   On this ground
rests the settled doctrine of this court, that such conveyances,
when made by an embarrassed or insolvent debtor, are ob-
noxious to the provisions of the statute, which declares void
as against creditors all conveyances "made in trust for the
use of the person making the same."—Code, § 2120; *Bryant
v. Young*, 21 Ala. 264; *Sims v. Gaines*, 64 Ala. 392.

The instruction requested by plaintiff simply asserts this
legal proposition, in abstract and general terms, which is ap-
plicable to one aspect of the evidence.   It does not affirm
that the plaintiff is entitled to recover on the rule as stated,
nor does it profess to set forth all the facts and circum-
stances, under which the jury should condemn the property
to the plaintiff's execution.   If given, it no doubt would have
been followed, or should have been, by definite instructions
as to the circumstances under which the asserted principle
should govern the decision of the case, and as to the facts
requisite to entitle the plaintiff to recover.   Such instruc-
tions would have raised the question, whether it is essential,
in order to avoid the conveyance, that the claimant should
have had notice of the embarrassed or insolvent condition of
the debtor.   The charge as framed and asked does not in-
volve this question, and therefore we need not enter upon the
inquiry.   The charge should have been given.

Reversed and remanded.