# Martin *v.* Smith.

### Action upon a Promissory Note.

1. *Promissory note; execution without reading it no defense.*—Where one voluntarily executes a note without reading it, and he is not induced to its execution by false representations of its contents, he can not be relieved from liability thereon upon the ground that the note was different from what he thought it was, and contained stipulations or provisions to which he did not intend to agree.

2. *Same; same; false representations; inadmissible evidence.*—In an action upon a promissory note, evidence that shortly before the execution of the note sued on, the defendant had been induced by fraudulent representations to sign a similar paper to the payee, which had no connection with the note in suit, is inadmissible in the absence of proof of false representations made by the payee concerning the instrument sued on.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. J. A. BILBRO.

This action was brought by the appellee, Jasper Smith, against the appellant, Joseph H. Martin, and counted upon a promissory note. The defendant filed a sworn

plea of *non est factum*, and on this plea issue was joined and the trial was had. After formal proof by the attesting witness, plaintiff offered in evidence an instrument in writing, dated January 8, 1894, embracing not only a promissory note of the character described in the complaint, but also a mortgage on defendant's crop for the year 1894, and each succeeding year thereafter until paid. This instrument was admitted in evidence over defendant's objection and exception, and plaintiff rested.

Defendant then introduced evidence tending to show that at the date of this instrument he was indebted to plaintiff, but there was some dispute between them as to the precise amount due. Plaintiff placed the note in the hands of Lusk & Bell, attorneys, for settlement, and they sent their clerk, one Henry, to see about the matter. Defendant promised Henry to come and attend to the matter. A few days later he came to the office of Lusk & Bell, and there found Henry. Defendant told Henry he would not give a mortgage for the debt, but would give a waive note. Henry and defendant then went to see plaintiff to get the correct amount due. On the return to Lusk & Bell's office, Henry sat down to a table and filled out a blank and presented it to defendant for his signature, and defendant signed it without reading it. This was the paper offered in evidence and defendant did not know that it was a mortgage. Henry did not tell defendant it was a mortgage. He believed when he signed it that it was only a note, and knew no better till long afterwards.

Defendant offered thereupon to prove that a few minutes before he signed the instrument sued on, he and one Bagwell signed one of the same kind of blanks as the one sued on, for a joint and several debt they owed Smith; that Henry also filled out this blank for them to sign, and that when Henry presented it to them for their signatures he told them that it was not a mortgage, but only a waiver note; and that the blank which Henry represented to them not to be a mortgage was a mortgage, and was the same kind of blank which defendant signed and on which this suit is brought. The court sustained an objection by plaintiff to this testimony and excluded it. To this action of the court defendant then and there excepted. This was substantially all the evidence; and on this evidence the court, at the request of the plaintiff,

[Martin v. Smith.]

charged the jury in writing, that if they believed the evidence, they must find for the plaintiff. To the giving of this charge the defendant then and there excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the evidence and the giving of the general affirmative charge for the plaintiff.

O. D. STREET, for appellant.—Where one obtains a signature to an instrument by fraud or misrepresentation, such instrument is void, and it is no answer to the fraud to say that the defendant had an opportunity of detecting the falsity or misrepresentations by reading the instrument.—*Burroughs v. Guano Co.*, 81 Ala. 255 ; *Guano Co. v. Anglin*, 82 Ala. 492 ; *Bank v. Webb*, 82 Ala. 132.

Evidence that Henry had about the same time perpetrated similar frauds upon defendant or other persons was admissible for the purpose of assisting the jury in arriving at the purpose and intention of Henry in filling out a mortgage for defendant to sign when defendant had notified him that he would not give a mortgage.— 1 Greenleaf Evidence, § 53 and note ; 7 Amer. & Eng. Encyc. of Law, pp. 58-62 ; *McKenney v. Dingley*, 4 Greenl. (Me.) 172 ; *Cary v. Hotailing*, 1 Hill 311 ; *Allison v. Matthien*, 3 Johns. 233 ; *Regina v. Gray*, 4 F. & F. 1102 ; *Regina v. Richardson*, 2 F. & F. 343 ; *Butler v. Watkins*, 13 Wall. 456. -

LUSK & BELL, *contra*.—A person signing a paper without reading or asking that same be read is so negligent that, in the absence of all misrepresentation or artifice by the party with whom he was dealing, he is liable for the debt, and can not set up his own inattention to invalidate it.—*Goetter v. Pickett*, 61 Ala. 387 ; *David v. Snider*, 70 Ala. 315.

The affirmative charge given at the instance of the plaintiff was proper.—*Winter v. Pool*, 100 Ala. 503 ; *Burrovghs v. Guano Co.*, 81 Ala. 255 ; *Cannon v. Lindsay*, 85 Ala. 198 ; *Goetter v. Pickett*, 61 Ala. 387 ; *Swift v. Fitzhugh*, 9 Port. 67.

HEAD, J.—This is another case where a party voluntarily executed a written obligation without reading

it, being induced thereto by no false representation of its contents, and now supposes himself entitled to be relieved therefrom because the document proved to be different from what he thought. The fact that shortly before the execution of the instrument he had been fraudulently induced to sign, with a co-maker, a similar paper to same payee, taken by the same agent of the payee, who committed the fraud, in a transaction having no connection with the one under consideration, was not admissible in evidence, in the absence of any proof that the same agent made false representations concerning the instrument in question. It matters not how many other frauds may have been committed; if there was none in the transaction under review, they avail nothing. It may be conceded that if there had been proof of fraud inducing the execution of the contract, other similar frauds perpetrated by the same party, near the same time, might have been received, within proper limitations, as circumstances in aid of such proof; but they could not be received for the purpose of making out, independently, a case of fraud in a transaction with which they had no connection. As it is unnecessary to pass upon the question, we do not decide whether such evidence is admissible at all or not, even had there been independent proof of fraud in this case.

Affirmed.