# Twinn Tree Lumber Co. *v.* Day.

## *Injury to Servant.*

(Decided April 24, 1913.  61 South. 914.)

1. *Master and Servant; Complaint; Negligence of Superintendent.* —A complaint based on subdivision 2, section 3910, Code 1907, which alleges the relation between the parties, and that a named superintendent of the employer negligently directed a truck loaded for one kiln to be placed in another, whereby plaintiff was injured is not so indefinite as to be subject to demurrer even though it did not appear therefrom how the order operated to injure the plaintiff.

2. *Same; Evidence.*—The evidence examined and held insufficient to show that the injuries to the servant were caused by the negligence of the superintendent of the master.

3. *Appeal and Error; Harmless Error; Pleading.*—Where all of the defenses which were provable under the pleas to which demurrers were sustained were also provable under a plea to which no demurrers were sustained, the action in sustaining demurrers to the plea was rendered harmless.

4. *Same; Review; Verdict Against Evidence.*—Where, after making all proper allowances, it is clear that the findings and judgments of the trial court are wrong, this court will reverse notwithstanding it pays great respect to the judgment of the trial court as to the weight and credibility of the oral testimony in support of the verdict and judgment.

5. *Same; Dismissal of: Waiver.*—Where a cause was submitted to the Court of Appeals on its merits without objection to a consideration of the appeal, such objection is waived, and upon the case being transferred to this court in that condition, it will decline to consider the motion to dismiss.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. E. Day against the Twinn Tree Lumber Company, for damages suffered while in its employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

LAVENDER & THOMPSON, and TIPTON MULLINS, for appellant. The demurrers for indefiniteness should have been sustained as the complaint failed to show how the

alleged negligence operated to the injury of plaintiff.—
*McGhee v. Reynolds,* 129 Ala. 540. Counsel discuss de-
murrers to the pleas, and insist that there was error to
injury. They cite *Merriwether v. Sayre M. & M. Co.,*
161 Ala. 453; *Simmerman v. Hill C. C. Co.,* 170 Ala.
553; *Black v. Roden C. Co.,* 59 South. 497, and authori-
ties there cited. There was no testimony tending to
support the material allegations of the complaint, and
the insistence is that the court erred in declining the af-
firmative charge, and in refusing to set aside the ver-
dict on account thereof.—*Peters v. So. Ry.,* 135 Ala.
540; *Hatch v. Varner,* 150 Ala. 440; *L. & N. v. Perkins,*
152 Ala. 133; *So. Ry. v. Carolina C. Co.,* 55 South. 134;
*Mower v. Shannon,* 59 South. 568.

LOGAN & SON, for appellee. Counsel insist on its mo-
tion to dismiss the appeal, and cite authorities in sup-
port thereof, but in view of the opinion it is not deem-
ed necessary to here set them out. The count was not
subject to the demurrer interposed.—*Reiter-C. M. Co.
v. Hamlin,* 144 Ala. 192; 171 Ala. 28. There was no
injury in sustaining demurrers to the pleas as the mat-
ter provable under them was provable under the pleas
to which no demurrers were sustained.—*Creola L. Co.
v. Mills,* 149 Ala. 474. In any event, the pleas were sub-
ject to demurrer.—*Merriweather v. Sayre M. & M. Co.,*
161 Ala. 146. The court was not in error in refusing
the affirmative charge or in declining to grant a new
trial.—*McCormick Co. v. Lowe,* 151 Ala. 313.

SAYRE, J.—The amended complaint, by which we
mean count 2, upon which the case went to the jury,
was framed for the statement of a case under subsection
2 of the Employer's Liability Act, section 3910 of the
Code, which allows the employee to recover when his in-

jury is caused by reason of the negligence of the employer's superintendent, whilst in the exercise of superintendence. It lacked much of being a perspicuous statement of the case which plaintiff expected to prove; but it cannot be said that it was so vague, uncertain, and indefinite, as the demurrer alleged, that definite issues could not be formed under it. It showed defendant's duty to plaintiff by averring the relation between the parties, and then that defendant's named superintendent negligently directed a lumber truck, which had been loaded for one kiln, to be placed in another, whereby plaintiff was hurt. This, under our decisions, constituted, at least as against the assigned grounds of demurrer, a sufficient complaint, and the demurrer was properly overruled.—*Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 192, 40 South. 280. We think it might even be spelled out how the alleged order or direction operated to hurt plaintiff, but as it was not necessary for the complaint to show that, whatever of doubt and difficulty it may have in that respect did not render it demurrable.

We do not know why the assigned grounds of demurrer should have been sustained to pleas 7, A, and B, as answers to the second count of the complaint, or why, after the judgment affirming the insufficiency of these pleas, the demurrer to plea L was overruled. But that is immaterial, for any defense that could have been proved under any of the pleas held bad was provable under plea L, and there is no indication in the record that the court in any way limited defendant's effort to prove the last-named plea. Sustaining the demurrers to the several pleas first namd was therefore error without injury.

On reading the testimony in this cause we are convinced there was error in overruling defendant's motion

for a new trial. The allegation of the complaint is that "said Suell [defendant's superintendent] negligently directed a lumber truck loaded for No. 1 dry kiln of the defendant to be placed in No. 3 dry kiln of the defendant, which [referring, we take it, to the truck loaded for kiln No. 1] was longer than the cars loaded for No. 3 kiln, thereby so closing the manway in dry kiln No. 3 of the defendant that when said car was let down the incline it bruised and injured and otherwise damaged the body of the plaintiff." That testimony of the plaintiff from which alone, since there was none to corroborate his version of the facts, the jury inferred that Suell gave either any general order that cars loaded for one kiln should be placed in another—if it may be conjectured that he was so unfit for his duties as to give any such general order—or that the particular car which caused plaintiff's injury, after being loaded for one kiln, should be placed in another, is most unsatisfactory. His first statement was that he could not tell for what kiln that car was loaded. The witnesses for defendant, on the other hand, deny any orders of the sort. They say further, and that without the slightest appearance of hesitation, evasion, or unfriendliness toward plaintiff, that all the trucks or cars were of exactly the same build, all loaded with lumber of the same length, and placed indifferently in the kilns, and plaintiff at one point in his testimony said: "Sixteen-foot lumber is the longest that goes through the kiln; the trucks on which the lumber is placed, whether for No. 1 or No. 3, are just alike, and 16-foot lumber is put on all of them." The same preponderance of testimony, direct and inferential, goes to show that the manway in the kiln where plaintiff was hurt was no more closed by the particular car on that occasion than it always was by the cars used by defendant in its business. With-

[Twinn Tree Lumber Co. v. Day.]

out dispute it goes to show that there was ample room for plaintiff in the manway, and that plaintiff was hurt by suffering himself to be caught between the car, which he had helped to put in motion, and the cross wall of the kiln. In the same way the evidence goes to show that plaintiff, immediately after he was hurt, though not seriously, accounted for his misfortune by a statement entirely out of harmony with his testimony on the witness stand and in complete accord with defendant's contention, and his only explanation or denial of that statement, in some of its most substantial parts, was that he was unconscious and did not know what he was saying. In short, the overwhelming weight of the evidence was with the defendant. Indeed, we are almost persuaded that defendant was entitled to the general affirmative charge.

We are not unmindful of the rules by which this court is governed in the determination of questions of this character. The trial judge, who hears the witnesses, and sees their demeanor on the stand, has a better opportunity than we can have to judge of the weight and credibility of oral testimony, and on appeal great respect is paid to his judgment. But this court has not renounced its duty nor neglected its power to revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong.— *Gassenheimer v. Western of Alabama,* 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; *Birmingham National Bank v. Bradley,* 116 Ala. 142, 23 South. 53; *Southern Railway v. Lollar,* 135 Ala. 375, 33 South. 32. We are clear to that conclusion in this case, and

the judgment will be reversed, in order that there may be a new trial, if the parties so desire.

We will add that we have not considered the motion to dismiss the appeal, for the reason that the cause appears to have been submitted in the Court of Appeals, to which it first went, on its merits only. There is no notation of a submission of the motion to dismiss on the transcript of the record sent to this court from the Court of Appeals. But it appears that in fact the motion to dismiss was made in the Court of Appeals on the seventh day after the appeal had been submitted for decision. In these circumstances the only possible ruling is that the objection to the consideration of the appeal has been waived.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.