(98 South., 478)

**GILCHRIST–FORDNEY CO. v. BEARRY et al. (1 Div. 300.)**

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Trial ⬤⟋143—Issue on which evidence is conflicting for jury.**

An issue on which the evidence is conflicting should be submitted to the jury.

**2. Appeal and error ⬤⟋999(1)—Evidence ⬤⟋ 590—Plaintiff compelled to rely on testimony of witnesses adversely interested held not bound by their testimony and entitled to correction of verdict in trial or appellate courts if clearly erroneous.**

A party compelled to rely on testimony of persons adversely interested *held* not bound by their testimony, though it could not impeach them, and hence entitled, if the jury's conclusion convincingly appeared erroneous, to have it corrected in the trial court, or in the Supreme Court, if the verdict and judgment, after making all proper allowances and indulging all reasonable intendments in favor of the lower court, were clearly wrong.

**3. Fraudulent conveyances ⬤⟋299(2)—Bill of sale held given as security for debt, and hence void as to other creditors.**

Evidence *held* to show that a bill of sale to a creditor was given and taken, not in absolute payment of the debt, but as security, and hence was void as to other creditors.

**4. Fraudulent conveyances ⬤⟋286(2)—Question held proper as calling for testimony on issue whether bill of sale was intended as security.**

In a claim suit by persons claiming under a bill of sale claimed to be fraudulent against an execution plaintiff, a question asked the transferee, as to whether he and debtor, when sale to third person was being considered, discussed "anything about the difference in that larger amount," *held* proper, tending to show whether the sale to the witness was absolute or intended merely as security for a debt.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Claim suit instituted by J. H. Bearry and the People's Bank of Mobile against the Gilchrist-Fordney Company, plaintiff in an execution against John S. Bolton and others. From a judgment for claimants, plaintiff appeals. Reversed and remanded.

Rich & Hamilton, of Mobile, for appellant.

A conveyance by an embarrassed debtor, absolute in form, but intended only as security for a pre-existing debt, is fraudulent and void as to existing creditors of the grantor; and property so conveyed is subject to execution at law, the title remaining in the original debtor. Hill v. Rutledge, 83 Ala. 162, 4 South. 135; Hartshorn v. Williams, 31 Ala. 149; Lewis v. Bank, 204 Ala. 689, 87 South. 176; Ruse v. Bromberg, 88 Ala. 619, 7 South. 384; Campbell v. Davis, 85 Ala. 56, 4 South. 140; Smith's Ex'r v. Cockrell, 66 Ala. 64; Howard v. Cove, 126 Ala. 290, 28 South. 682; Pritchett v. Pollock, 82 Ala. 169, 2 South. 735. As to whether an instrument is a mortgage or not, see 27 Cyc. 1010; Williams v. Reggan, 111 Ala. 621, 20 South. 614; Teague v. Bass, 131 Ala. 427, 31 South. 4; Where the weight of the evidence against the verdict is so great as to convince the court the substantial ends of justice requires the examination of the facts by another jury, the verdict should be set aside and a new trial ordered. So. Ry. v. Lollar, 135 Ala. 375, 33 South. 32; Birmingham R. Co. v. Owens, 135 Ala. 154, 33 South. 8; Mary Lee Co. v. Chambliss, 97 Ala. 171, 11 South. 897; So. Ry. v. Carolina Co., 171 Ala. 427, 55 South. 134. A party is not bound absolutely by whatever his witnesses may say, and he may introduce evidence that contradicts said witnesses. Thomas v. State, 206 Ala. 416, 90 South. 295; Upson v. Raiford, 29 Ala. 188; Childers v. Holmes, 207 Ala. 382, 92 South. 615; Gilliland v. Armstrong, 196 Ala. 513, 71 South. 700; L. & N. v. Wynn, 166 Ala. 413, 51 South. 976; Ala. F. & I. Co. v. Minyard, 205 Ala. 140, 88 South. 145.

Inge & Bates and Outlaw & Kilborn, all of Mobile, for appellees.

---

⬤⟋For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

If the bill of sale was absolute, for a valuable, adequate consideration, and there was no intent to hinder, delay, or defraud creditors, it is valid, and is not subject to attack from the grantor's creditors. Waddle v. Great So. Phos. Co., 184 Ala. 346, 63 South. 462; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 South. 359. The Supreme Court will not reverse an order refusing a new trial, unless, after allowing all reasonable presumptions, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 South. 738; N. C. & St. L. v. Crosby, 194 Ala. 338, 70 South. 7; Ala. Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 South. 75; Deming Co. v. Bryan, 2 Ala. App. 317, 56 South. 754; Salmon v. Salmon, 13 Ala. App. 510, 69 South. 304; Johnson v. Carden, 187 Ala. 142, 65 South. 813; Central, etc., Co. v. Williams, 200 Ala. 73, 75 South. 401. Since all of the testimony in this case was given by witnesses introduced by the plaintiff, it is bound by their testimony, and cannot be heard to complain because the jury believed the testimony introduced by it, and found a verdict accordingly.

SAYRE, J. Plaintiff's execution against Bolton Lumber Company, a partnership, and the members thereof, was levied on sawmill machinery, then loaded on cars for transportation to Bearry, in Mississippi, as the property of the Boltons. Bearry and the People's Bank of Mobile interposed a claim, and upon a trial of the right of property verdict and judgment were rendered in their favor, and, plaintiff's motion for a new trial, on the ground that the facts in evidence clearly and convincingly showed that it was entitled to a verdict, having been overruled, plaintiff has appealed.

Plaintiff's contention was that the transaction between one of the Boltons, an embarrassed debtor, and Hanlon, under whom claimants claimed by purchase, vested, because it was intended to vest, in Hanlon, the title to the property in dispute, not absolutely, but as security for a debt which Bolton owed Hanlon, in which event the alleged sale was void as to Bolton's other creditors without regard to whether the transaction was affected with an actual intent to defraud such creditors. Hill v. Rutledge, 83 Ala. 162, 4 South. 135; Sims v. Gaines, 64 Ala. 392; Levy v. Williams, 79 Ala. 171, 179; Ruse v. Bromberg, 88 Ala. 619, 7 South. 384. The contention, on the other hand, was that the machinery was sold to Hanlon in absolute payment of Bolton's debt.

[1] On the issue thus presented there was conflict in the evidence, and, undoubtedly, under the law and practice in this jurisdiction, it was due to be submitted in the first place to the jury. However, we are clear to the conclusion that the jury made a wrong decision, and therefore that the motion for a new trial should have been granted.

[2] The circumstances of its case were such that plaintiff was compelled to rely on the testimony of witnesses who had been so related to the transaction under investigation as to have an interest adverse to plaintiff, and it is repeatedly said in the brief for appellees that plaintiff cannot impeach its own witnesses—true, of course—with result that the jury very correctly found for the claimants. But plaintiff was not bound at any particular point by the testimony of its witnesses, and if, upon the whole evidence, it convincingly appears that the conclusion reached by the jury was error, it was entitled to have it corrected in the trial court, and so in this court if, after making all proper allowances and indulging all reasonable intendments in favor of the trial court, we reach a clear conclusion that the verdict and judgment are wrong. Twinn Tree Lumber Co. v. Day, 181 Ala. 569, 61 South. 914, and cases there cited.

[3] Bolton was indebted to Hanlon in the sum of approximately $700 for groceries consumed in his family—the bill had been accumulating for months. Hanlon accepted a lot of sawmill machinery, of which he knew nothing—whether in payment absolutely or as security merely is the question. The bill of sale recited a consideration of $800. Bolton was financially embarrassed; creditors were pressing; plaintiff's suit was pending. At one point the witness Hanlon testified that Bolton gave the bill of sale in payment of his debt; that there was no other agreement; that nothing was said about security for the debt—and so likewise Bolton. But elsewhere Hanlon, in answer to the question by claimants, "Just gave you that bill of sale?" said: "Yes, sir; just said he wanted to give it to me as security for my grocery bill." And again, answering plaintiff's question in substance whether the bill of sale was "taken in settlement of the account or as security for the account," he said: "He gave it to me as security is the way I look at it." Without dispute, Hanlon never saw the machinery; it was left with Bolton to be sold, and about two months later was sold to Bearry for the sum of $1,600. Referring to the amount to be paid by Bearry, Hanlon's testimony was that he could not say whether it was $1,600, "because all that I was looking for was $800; that was all that was worrying me." And when Bolton tried to sell the property to Bearry, the latter refused to buy because he wanted "security" for his title. Afterwards the mat-

ter was so arranged that Hanlon's bill of sale was assigned to the claimant bank, to which the Boltons owed $3,600, and the bank then sold the machinery to Bearry for $1,600. Hanlon's testimony is that he had nothing to do with the sale and that it was (negotiated) between Bolton and Bearry. Claimants suggest that the value of the machinery may have been increased by repairs in the meantime; but there is no evidence to that effect, and we cannot doubt that, if such had been the case, claimants would have drawn out the fact from Bolton, who remained in possession all the while. Hanlon gave no credit on his books for the alleged purchase price of the machinery, and for months afterwards that amount was included in the bills rendered to Bolton, and Hanlon testified that he was not going to charge if off until he got his money. Something more to the same effect might be set down, but we have stated the substance of the case, and while statements of contrary import are found in the testimony of Hanlon and Bolton, we are clear to the conclusion that on the undisputed facts, which speak louder than the mere words of witnesses, by the sale to Hanlon—so to speak of the transaction between Bolton and Hanlon—the debt for groceries was not satisfied and extinguished, but was mutually regarded by all parties concerned as still in existence and that the so-called bill of sale was given and taken by way of security. The motion for a new trial should have been granted.

[4] Possibly plaintiff's question to Hanlon, viz., "When you knew that Mr. Bearry was figuring on paying a larger amount" (meaning an amount in excess of $800), "did you or Mr. Bolton discuss anything about the difference in that larger amount?" was not so clearly framed as it might have been, as claimants now suggest; but, if Hanlon and Bolton had any agreement as to the ownership of the excess or used any language from which an understanding on that subject might be inferred, plaintiff was entitled to have the facts, the language used, in order that the jury might draw the proper conclusion, for the agreed disposition of that excess would have tended strongly to solve the question whether there was in fact an absolute sale or whether the purported sale was intended merely as a security for Bolton's debt to Hanlon.

Our conclusion is that the judgment should be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.