(106 So. 593)

## COLUMBUS ELECTRIC & POWER CO. v. DOWNS.   (4 Div. 220.)

(Supreme Court of Alabama.   Dec. 17, 1925.)

1. **Damages** ⊚⟶185(3)—**Amputation of leg held result of disease, not of injuries.**

Evidence *held* to show that amputation of injured party's leg was necessitated by its diseased condition, and not as result of injuries received in accident.

2. **Release** ⊚⟶55—**Injured party has burden of proving allegation of fraud in representing a release to be a receipt.**

Injured party, alleging fraud by defendant's agent in representing that release executed by him was only a receipt for money paid, has burden' of proving such fraud.

3. **Release** ⊚⟶57(2)—**Injured party held not to have sustained burden of proving alleged fraud in representing release to be a receipt.**

Injured party *held* not to have sustained burden of proving fraud by defendant's agent in representing a release to be a receipt for money paid, but evidence *held* to show knowledge by injured party that money paid on execution of release was in satisfaction of all claims for damages.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Action for damages by Monroe Downs against the Columbus Electric & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

F. U. Garrard, of Columbus, Ga., Denson & Denson, of Opelika, and J. J. Mayfield, of Montgomery, for appellant.

To constitute actionable negligence there must be a causal connection between the negligence complained of and the injury for which damages are sought. 22 R. C. L. 113; So. Ex. Co. v. Roseman, 206 Ala. 681, 91 So. 612. The burden is upon the plaintiff to establish fraud alleged in the procurement of a release pleaded in bar, and he must establish the alleged fraud by clear and satisfactory proof. West. Ry. v. Arnett, 137 Ala. 414, 34 So. 997; B. B., L. & P. Co. v. Jordan, 170 Ala.

530, 54 So. 280. Where the evidence is preponderantly contrary to the verdict, a motion for a new trial should be granted. Sou. Ry. v. Grady, 192 Ala. 515, 68 So. 346; B. R., L. & P. Co. v. Owens, 135 Ala. 154, 33 So. 8; Birmingham Nat. Bank v. Bradley, 116 Ala. 142, 23 So. 53; People's B. & T. Co. v. Keith, 136 Ala. 469, 34 So. 925.

Roy L. Smith, of Phenix, and Frank M. De Graffenried, of Seale, for appellee.

Whether or not the injury complained of caused the loss of plaintiff's leg was, under the evidence, for the jury. L. & N. v. Jones, 83 Ala. 376, 3 So. 902; Montgomery & Eufaula R. Co. v. Mallette, 92 Ala. 209, 9 So. 363; Sou. Ry. v. Dickson, 211 Ala. 489, 100 So. 665. Plaintiff having tendered back the money paid him for the release and rescinded the release, this was all that was required of him. St. L. & S. F. v. McCrory, 2 Ala. App. 531, 56 So. 822; B. R., L. & P. Co. v. Jordan, 170 Ala. 530, 54 So. 280. The trial court was not in error in declining to grant defendant's motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; C. of G. v. White, 175 Ala. 62, 56 So. 574; L. & N. v. Williams, 183 Ala. 138, 62 So. 679, Ann. Cas. 1915D, 483; Republic I. & S. Co. v. Smith, 204 Ala. 607, 86 So. 908; C. of G. v. Robertson, 206 Ala. 578, 91 So. 470; Sloss Co. v. Jones, 207 Ala. 7, 91 So. 808; Norwood Tr. Co. v. Crossett, 207 Ala. 222, 92 So. 461; Whitman's Garage v. Ricks, 211 Ala. 527, 101 So. 53; Sou. Ry. v. Dickson, supra.

SAYRE, J. Defendant's street car ran off the track at a point where it turned a right-angled corner from one street into another in Phenix City in this state. Defendant's car, after it left the track, struck an automobile (Ford) which in ·turn struck plaintiff. The automobile was standing approximately in front of plaintiff's place of residence. The sidewalk was narrow, and neither it nor the street was paved, the one merging into the other without line of demarcation. Plaintiff was standing or walking on the sidewalk. He may have been walking two steps away from the front line of his front porch, as he testified, though his sister, testifying as a witness in his behalf, said that, being herself on the porch, she had her arm about him. Plaintiff's action for damages resulted in verdict and judgment for $10,000. Defendant appeals.

[1] The judgment might well be reversed on the sole ground that the great weight of the evidence, considered with reference to its intrinsic moral worth, goes to show that there was no causal connection between the accident complained of and the loss of plaintiff's right leg, which was amputated about 10 days later, that being the principal item of damage for which he contended, and so that his damages were grossly exaggerated

─────────

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes ·

7

in the jury's verdict, as the motion for a new trial alleged. It is very evident to our mind that plaintiff's leg was amputated on account of a varicose ulceration of long standing, incurable, and dangerous to life, causing a condition of the limb described by medical and lay witnesses as "rotten." The surgeon who performed the operation testified that it was done on his suggestion, and that the injuries received by plaintiff in the accident, described by him (the surgeon) as mere superficial scratches on his left leg, had nothing whatever to do with it—contributed nothing to the necessity for an amputation. Another surgeon had previously treated plaintiff and had advised the operation. These surgeons were of long practice and high standing in the community. Without going further into the details of this aspect of the case, we prefer to state one other consideration of equal weight and as well established in the evidence.

Plaintiff, being in a bad way at best, was carried to a hospital immediately after the accident. On the first day of his stay there he had no medical attention—he seemed to think that he needed none. On the third day the surgeon who saw him directed his discharge. In the meantime he had entered into an agreement in writing by which, for the sum of $100 presently paid, he released defendant from all claim for damages on account of injuries received in the accident. Seven days later he returned to the hospital and submitted to the operation for amputation of his leg. We have stated the substance of the testimony of the surgeon as to the reason for that operation. Defendant pleaded the settlement in bar of plaintiff's action. Plaintiff replied by alleging, in effect, that defendant's agent, with whom the settlement was negotiated, had falsely and fraudulently represented to plaintiff that the instrument, then tendered to him for signature and signed by him, was nothing more than a receipt for the money then and there paid to him for the purpose of enabling him to pay his hospital bill, or, to the same legal effect, that, plaintiff being unable to read or write, defendant's agent had fraudulently suppressed the fact that the instrument was a release of damages.

[2, 3] The burden of proving the fraud put in issue by this replication was upon plaintiff. Upon him rested the burden of establishing the fraud alleged by clear and satisfactory proof. Beck v. Houppert, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77; Western Railway v. Arnett, 137 Ala. 414, 34 So. 997. Plaintiff, as a witness, admitted signing the paper by his mark, admitted that he accepted defendant's money, but denied that he understood that the effect of the instrument so signed was a release. This defense depends entirely upon his testimony. But his testimony is too equivocal to overweigh the burden resting upon him and the clear depositions of Bradley, defendant's agent, and Mrs. Smith, the matron at the hospital, for aught appearing an entirely disinterested witness, who was called upon to witness the execution of the paper and heard it read to plaintiff by Bradley, who "apparently made it very simple." Plaintiff at the outset of his examination on the subject of the release fell into the error, from his viewpoint, of referring to the payment to him as a payment "to settle all claims"; but later his statement was that he did not remember whether the paper was read to him, and that he did not understand it if it was, and further that, by reason of "dope" and his misery, he did not remember anything about the paper. But the testimony of the matron was that plaintiff was not under the influence of an opiate and was not suffering much, and later plaintiff discussed with the matron the question of an amputation and his payment of hospital expenses out of the money received in a manner to indicate that he had a recollection of the transaction in part at least. It is highly probable that the money was paid to and received by him with the expectation that it would be used, as it was, in defraying his expenses at the hospital at the time of the operation, which the surgeon performed without charge, but the paper writing executed by plaintiff was very simple and clear in its terms; and, upon the evidence which we have stated in outline, after making all proper allowance and indulging every reasonable intendment in favor of the trial court and its jury, we are at the conclusion that plaintiff has not sustained the burden of proof resting upon him, but that, with knowledge that the accident had done him no serious injury, and with an adequate understanding that the money paid to him was paid in satisfaction of any claim he might have for damages, plaintiff executed the release pleaded by defendant, and that defendant's motion for a new trial was erroneously overruled. Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 61 So. 914; Southern Railway v. Grady, 192 Ala. 515, 68 So. 346; Teague v. Bass, 131 Ala. 422, 31 So. 4.

Other assignments of error, some of them of probable merit, are presented by the record and insisted upon by appellant; but, in view of what has been said, discussion of the case need not be prolonged.

Reversed and remanded.


ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.