160 So. 340

### JOHNSON v. DAY.
### 2 Div. 53.

Supreme Court of Alabama.
March 21, 1935.

Craig & Brown, of Selma, for appellant.

Pitts & Pitts, of Selma, for appellee.

FOSTER, Justice.

This is an action of trover for the conversion of appellee's automobile.

The dispute is dependant upon the existence of appellant's claim that he traded another car for that which plaintiff claims was converted. Plaintiff claims that he left his automobile with defendant for repairs, and that defendant loaned him another to use; that defendant repaired and sold plaintiff's car and sent for and took the one he loaned plaintiff. Defendant claimed that plaintiff owed him in the trade; that he took papers on the car, which were surrendered to defendant after he recaptured it.

It is very evident that the one who was wrong in that transaction intended to make a claim which he knew was not supported by the facts. If plaintiff was correct, defendant was trying to defraud him of his car. The question of good faith was the essence of their claims.

After plaintiff and defendant had testified to their respective contentions, which squarely presented the conflict, and while defendant was under cross-examination by plaintiff, he asked defendant questions by which he sought to show that he had used the same scheme to defraud others. Some of the questions were so answered as that no such tendency was made to appear; others were possibly of doubtful effect in that respect, though none of them were so answered that real harm is apparent. An adverse ruling on a question, without an answer which is itself injurious, is as a rule not cause for reversal. McGehee v. State, 171 Ala. 19 (7), 55 So. 159; Weems v. State, 222 Ala. 346, 132 So. 711 (2); 70 Corpus Juris, 694, note 83.

But when there is a sharp issue made by a conflict of the evidence, and which is controlled by the fraud vel non of an adverse party, "attempts by the same party to commit other similar frauds, near the same time, may be received as circumstances in aid of such evidence. Montgomery So. Ry. Co. v. Matthews, 77 Ala. [357] 365, 54 Am. Rep. 60; Martin v. Smith, 116 Ala. 639, 22 So. 917. Care should be observed in stating to the jury the office of such evidence, viz., that it cannot be received for the purpose of making out, independently, a case of fraud in a transaction with which they had no connection." Blackwood v. Standridge, 212 Ala. 156, 102 So. 108, 109; Cartwright v. Braly, 218 Ala. 49, 117 So. 477.

While the questions here mentioned do not refer to the time of the transaction inquired about, the objection is not predicated on that as one of its grounds. Moreover, on an issue of fraudulent intent, great latitude is allowed on cross-examination of the person so charged. Mann v. Darden, 171 Ala. 142, 54 So. 504.

The questions are not such as assume a fact in controversy, but they ask if a certain circumstance did not occur. Sovereign Camp, W. O. W. v. Adams, 204 Ala. 667 (19), 86 So. 737; Cox v. State, 25 Ala. App. 38, 140 So. 617; Holmes v. Holmes, 212 Ala. 597, 103 So. 884; Tison v. Citizens' Bank & Sec. Co., 208 Ala. 111, 93 So. 857.

There are no other contentions made on this appeal. We think they do not show reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.