174 So.2d 700

**INSURANCE COMPANY OF NORTH AMERICA**

v.

**Howard MAYS.**

**6 Div. 117.**

Supreme Court of Alabama.

April 22, 1965.

Melvin Connie—Mack Carty, pro se.

Richmond M. Flowers, Atty. Gen., opposed.

Porterfield & Scholl, Birmingham, for appellant.

Nelson Vinson, Hamilton, for appellee.

LAWSON, Justice.

An automobile owned and driven by William J. McCombs was in a collision with an automobile driven by Howard Mays. McCombs' automobile, which was badly damaged, was covered by a policy of insurance issued by Insurance Company of North America, which policy provided coverage for damage sustained by collision. McCombs filed a claim with Insurance Company of North America in the amount of $1094.20, which claim was paid.

Thereafter, Insurance Company of North America brought this suit, as subrogee, against Howard Mays to recover the amount paid by it to McCombs. The complaint contained a single count wherein it was alleged in substance that the damage to McCombs' automobile was the proximate result of the negligence of Mays. The defendant, Mays, pleaded the general issue in short by consent in the usual form. There was a jury verdict in favor of the defendant. Judgment was entered in accordance with the verdict. Plaintiff filed a motion for new trial. It was overruled. The plaintiff has appealed to this court.

The evidence shows that McCombs lived in Birmingham and was an employee of Supreme Beverage Company. On cross-examination of McCombs counsel for Mays asked him this question: "What does Supreme Beverage Company do?" Objection interposed by the plaintiff was overruled but the question was never answered. Hence no cause for reversal appears in connection with the trial court's ruling on the objection. Johnson v. Day, 230 Ala. 165, 160 So. 340; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308; Brooks v. Everett, 271 Ala. 354, 124 So.2d 105.

One Hart, who was a passenger in McCombs' automobile, was a witness for the plaintiff. Hart had brought a damage suit against Mays. On cross-examination of Hart, counsel for Mays asked him the following question: "How much money are you claiming from Mr. Mays by virtue of your lawsuit?" Objection interposed by counsel for plaintiff was overruled. Hart answered that he did not know. The rule

that the overruling of an objection to a question is harmless where the witness answers that he does not know, or does not remember, is applicable here. Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259, and cases cited. However, it is permissible to cross-examine a witness to ascertain his interest, bias, prejudice or partiality concerning the matters about which he is testifying. Hinton & Sons v. Strahan, 266 Ala. 307, 96 So.2d 426, and cases cited. It is competent to show a community of interest, if it exists, and any material fact tending to show bias, prejudice or interest of the witness. Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448.

This brings us to a consideration of the remaining question, whether, under the evidence adduced upon the trial, the trial court committed error in refusing to grant a new trial on grounds which, in effect, took the point that the verdict was not sustained by the great preponderance of the evidence. § 276, Title 7, Code 1940.

In brief filed here on behalf of Mays, it is conceded that the evidence adduced at the trial shows that Mays was guilty of negligence, and it is clear that his negligence was a proximate contributing cause to the damage done to McCombs' automobile.

We will set out a brief summary of the evidence as it bears on Mays' negligence. The collision occurred on or very near a curve in a no-passing zone on U. S. Highway 78 in Walker County. At that point the highway had only two lanes. Mays was proceeding in a westerly direction towards Jasper at a speed estimated as being from fifty to sixty-five miles an hour or more. A truck was immediately in front of Mays and two or three cars were in front of the truck. Just before the collision occurred Mays made an effort to pass the vehicles ahead of him, all of which, like Mays' vehicle, were proceeding in a westerly direction in the north lane designated for west-bound traffic. The evidence is somewhat in conflict as to how far Mays pulled into the lane designated for east-bound traffic preparatory to making his move to pass the vehicles ahead of him. But it is without dispute that Mays pulled out far enough to see an automobile coming towards him headed in an easterly direction. He realized that he could not safely pass the vehicle ahead of him, so he moved his automobile to the right in order to get back into his lane. As Mays moved his car back into his lane of traffic it was so close to the truck that he had to apply his brakes "unusually fast" and the automobile got out of control, according to Mays' statement. After the brakes on Mays' automobile were so applied it cut to the left into the lane designated for traffic moving in an easterly direction and completely blocked that lane. Mays' automobile skidded "broadside" down the south lane designated for east-bound traffic at a speed estimated as being from fifty to sixty-five miles an hour. McCombs' automobile, which was moving in an easterly direction, ran into the side of Mays' automobile. It is without dispute that the collision occurred completely in the south lane, that in which McCombs was traveling in an easterly direction.

It is May's contention that the trial court correctly refused to grant plaintiff a new trial for the reason that the evidence shows that McCombs was guilty of contributory negligence. The contention of Mays, the appellee, is expressed in the brief filed here on his behalf in the following language:

"* * * The appellee did not infer that he was free from negligence; it is not argued by your writer that the appellee was free from negligence. However, the appellee strongly insists that the appellant's insured driver [McCombs] was on said occasion also guilty of contributory negligence. * * *

*     *     *     *     *     *

"It is conceded by the appellee that the appellee was negligent on said oc-

casion. However, it is also urged, and the jury found and the trial court refused to disturb the jury's finding, that the appellant's insured driver was guilty of contributory negligence on said occasion. * * * "

·. We come now to a consideration of the evidence as it relates to the manner in which McCombs was operating his automobile at the time of the collision.

The McCombs automobile was moving at a speed of not more than fifty miles an hour in a zone where the speed limit was sixty miles an hour. McCombs' automobile was pulling a trailer on which was loaded an aluminum boat. The trailer did not have brakes. Neither the McCombs automobile nor the trailer ever crossed the center line into the lane designated for traffic moving in a westerly direction. McCombs testified that he did not see the Mays automobile until it came into his lane of traffic. He was approximately 150 feet away when that event occurred. As soon as he saw the Mays automobile cut across his lane of travel, McCombs attempted to apply the brakes to the automobile and turned the steering wheel to the right in an effort to get off the road. However, he was unable to avoid contact with the Mays automobile which was sliding "broadside" towards him in his lane at a speed of from fifty to sixty-five miles an hour. McCombs' automobile came to rest immediately upon impact with its right wheels on or near the shoulder of the road on the south side of the highway.

McCombs did not see Mays' automobile when it first moved to or across the middle line of the road preparatory to passing the vehicle in front of the Mays automobile. But plaintiff's witness Hart testified that he saw the Mays automobile at that time and that it was then "some 300 to 500 feet" from the McCombs automobile. Hart guessed that the Mays automobile was from 150 to 200 feet away when it cut across in front of the McCombs automobile.

No witness testified positively that it was raining at the moment of the collision but there was evidence to the effect that the road was wet and muddy. No witness testified that the road was slick or slippery but according to Mays' testimony signs were posted somewhere along the road which indicated that the road at those points was slippery when wet.

Counsel for Mays, the appellee, summarizes his client's contention in regard to the claim of contributory negligence on the part of McCombs thusly:

" * * * It is further submitted that the appellant's insured driver [McCombs], driving a loaded trailer without brakes on a wet and slick road, and in a curve, at a speed of fifty miles per hour or more, was guilty of contributory negligence which proximately caused appellant's loss."

Our examination of the record does not reveal any testimony that the McCombs automobile was traveling in excess of fifty miles an hour. But except for this, the language quoted above finds support in the evidence if it be assumed that the signs indicating that the road was slippery when wet were erected near the scene of the collision.

■ But assuming arguendo that McCombs was guilty of negligence in the operation of his automobile in the manner described by counsel for Mays, we are clear to the conclusion that such negligence did not constitute a proximate or contributing cause of the collision. Mays' automobile was out of control. It was moving towards McCombs' automobile with considerable speed in McCombs' lane of traffic. If McCombs' automobile had been stopped there is nothing to indicate that the collision could have been avoided. We do not believe that the speed with which McCombs was pulling the trailer over the road in question can be said to have contributed in any way to the collision. It is well settled that only such negligence on a plaintiff's part as constitutes a proximate and con-

**24**

tributing cause of his injury or damage bars his recovery. Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Herring v. Louisville & N. R. Co., 203 Ala. 136, 82 So. 166; Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 So. 702; Preston v. La-Salle Apartments, 241 Ala. 540, 3 So.2d 411; Johnson v. Martin, 255 Ala. 600, 52 So.2d 688; Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821.

 In regard to this court's review of a judgment of a trial court denying a new trial, the court, speaking through Justice Sayre, said in Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 569, 61 So. 914, 915, as follows:

"We are not unmindful of the rules by which this court is governed in the determination of questions of this character. The trial judge, who hears the witnesses, and sees their demeanor on the stand, has a better opportunity than we can have to judge of the weight and credibility of oral testimony, and on appeal great respect is paid to his judgment. But this court has not renounced its duty nor neglected its power to revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong. * * * We are clear to that conclusion in this case, and the judgment will be reversed, in order that there may be a new trial, if the parties so desire."

See Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251; Carraway v. Graham, 218 Ala. 453, 118 So. 807; Furst v. Shows, 217 Ala. 297, 116 So. 149; Columbus Electric & Power Co. v. Downs, 214 Ala. 104, 106 So. 593; Gilchrist-Fordney Co. v. Bearry, 210 Ala. 472, 98 So. 478; Louisville & N. R. Co. v. Rush, 208 Ala. 516, 94 So. 577; Southern Ry. Co. v. Grady, 192 Ala. 515, 68 So. 346.

Our reluctance to find fault with rulings of the trial court on the weight of the evidence is traditional. But we are convinced the verdict in this case was not sustained by the great weight of the evidence, resulting that we must order a reversal of the cause. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.