230 So.2d 244

**JOHN BAGWELL FARMS and Lonnie Orr**

**v.**

**Jerry Lee HOOD.**

**6 Div. 3.**

Court of Civil Appeals of Alabama.

Jan. 12, 1970.

St. John & St. John, Cullman, for appellants.

Witcher & Young, Birmingham, Bland & Bland, Cullman, for appellee.

BRADLEY, Judge.

The appeal in this case is from a judgment of the trial court awarding damages in the amount of $5,000.00 to the plaintiff-appellee. The case went to the jury on one count of simple negligence, and a verdict in favor of the plaintiff was returned.

The defendants-appellants, John Bagwell Farms and Lonnie Orr, filed a motion for a new trial based on several grounds, among which was the ground that "* * * the verdict of the jury and the judgment entered thereon are contrary to the great weight and preponderance of the evidence in the case." The trial court, after a hearing, overruled the motion for new trial.

The sole assignment of error in the case is that the trial court erred in overruling said motion for a new trial.

The question that is presented to this court for answer is whether the great weight and preponderance of the evidence adduced at the trial is so against the verdict and judgment of the trial court as to warrant a reversal of the case.

Therefore, we think it necessary, in order to properly answer the question, to delineate the evidence introduced in the proceeding below.

The plaintiff-appellee testified in his own behalf that on the day of the collision with the defendants-appellants' truck, he was driving south on the New Hope road, a farm-to-market black-topped road, at about five to six o'clock in the afternoon. The appellee stated he did not know how fast he was going at this time, but that he knew he had to stop at the stop sign at the intersection of Highway 278 and the New Hope road, which was close by.

Upon arriving at the stop sign at Highway 278, he stopped and looked to the east on 278 and saw a truck coming toward him traveling in a westerly direction. At that moment the truck was about 500–600 feet away from him. However, he could not testify as to the speed of the truck at that instant.

When asked if he looked to his right or toward the west, as well as to his left or toward the east, the appellee stated he could not remember whether he did or not.

After stopping, the appellee said he pulled into Highway 278 and had shifted from low gear into second gear, and was traveling in a westerly direction in the right lane of traffic when he was hit on his left side by something. He does not remember anything after that until he awoke in the hospital.

A State Trooper testified that he arrived at the wreck scene about 6 p.m. on the day in question, and it was daylight and clear. He stated that he ascertained from Mr. Dudley, the driver of a Southeastern Rubber Company truck, that he was going 40–45 m.p.h. approaching the intersection in question from the west. He also testified that Mr. Orr, the driver of the John Bagwell Farms' truck, told him that he was going about 40 m.p.h. as he approached the same intersection from the east.

The trooper also testified that the impact to the plaintiff's vehicle appeared on the

left front thereof, and that damage to the truck driven by defendant-appellee was in the area of the right rear wheels; in fact they were knocked out from under the truck.

The trooper testified there were skid marks on the New Hope road for a distance of about 30 feet leading up to the point of impact. He further testified that the skid marks indicated the station wagon was skidding sideways with the front end heading in a westerly direction, and ending out into Highway 278, where bits of glass, metal and other debris were located, which he deemed to be the point of impact between the station wagon driven by the appellee and the truck driven by appellant Orr. The station wagon after the collision spun off into a nearby ditch where it came to rest, about 30 feet away.

Mr. Dudley stated that as he approached the intersection in question, he saw the station wagon sliding sideways into the intersection and knew that he would never make it. He stated that the station wagon struck the Orr driven truck on the right side in the area of the rear wheels, and that the left rear end of the Orr driven truck struck his truck around the middle of the cab on the left side, knocking the outside rear-view mirror into his cab, causing flying glass to cut his face.

The truck driven by Mr. Dudley, a witness for the appellees, was damaged on the left side, starting with the rear-view mirror, which was torn off by the impact, and going on down the left side of the trailer.

A witness for the defendants who lives about 300 feet from the intersection in question, testified that he heard the crash at the intersection and went down to the site and directed traffic. He stated that just prior to the crash, he heard a vehicle go by his house traveling toward the intersection and remarked to his wife that it would not be able to stop at the stop sign, and the next thing he heard was the sound of the crash. He stated that he did not hear any sliding of tires on the roadway, just the steady hum of the tires until the crash. He

estimated the speed of the vehicle going by his house as 50 to 60 m. p. h.

Mr. Orr testified that he was traveling 40–45 m.p.h. as he approached the intersection in question, and saw the station wagon coming in on him just as he got even with the intersection. He stated the station wagon hit his vehicle in the area of the right rear wheels.

At the time of the impact, he stated he was on his side of the road—on Highway 278—traveling in a westerly direction in the north lane, and the driver of the Southeastern truck was approaching him from the opposite direction in the south lane. The impact from the station wagon knocked the appellant's truck into the Southeastern truck, causing appellant's truck to turn over in the highway.

The photographs introduced into evidence clearly show that the damage to the appellee's vehicle occurred on the left front side from the front fender back to the area just behind the left front door.

In the case of Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 61 So. 914, and cited with approval in Insurance Co. of North America v. Mays, 278 Ala. 20, 174 So.2d 700, the Supreme Court of Alabama had the following to say:

"We are not unmindful of the rules by which this court is governed in the determination of questions of this character. The trial judge, who hears the witnesses, and sees their demeanor on the stand, has a better opportunity than we can have to judge of the weight and credibility of oral testimony, and on appeal great respect is paid to his judgment. But this court has not renounced its duty nor neglected its power to revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong. * * *"

This court is also aware of the general rule that no ground for a new trial is more carefully scrutinized than is the ground that the verdict is against the weight of the evidence. Stokely-Van Camp, Inc. v. Ferguson, 271 Ala. 120, 122 So.2d 356. Nor have we overlooked the rule that the presumption of the correctness of the jury's verdict is strengthened by the trial court's denial of a new trial on the ground that the verdict was against the weight of the evidence. Cullman-Jefferson Counties Gas District v. Reeves, 281 Ala. 67, 199 So.2d 78.

However, this court, after "making all proper allowances and indulging all reasonable intendments in favor of the court below" is of the opinion that the great weight and preponderance of the evidence introduced in the trial below, and as set out above, favored the defendants and not the plaintiff, and, consequently, it is the further opinion of this court that the trial judge erred in not granting the motion for a new trial on the ground that the verdict was against the great weight and preponderance of the evidence. Therefore, this case must be reversed and a new trial granted.

Reversed and remanded.